**GOLDEN VALLEY ELECTRIC ASSOCIATION, INC., an Alaska electric cooperative corporation, Appellant,**

v.

**Leon REVEL, Appellee.**

**No. S–1011.**

Supreme Court of Alaska.

May 23, 1986.

Constance A. Cates, David H. Call, Call, Barrett & Burbank, Fairbanks, for appellant.

Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Leon Revel took Golden Valley Electric Association's (GVEA) utility service without authorization. GVEA instituted this civil suit for damages under AS 42.20.-030(a), alleging it is entitled to recover three times its costs to investigate and discover Revel's theft, or $11,250. Superior Court Judge Gerald J. Van Hoomissen granted judgment on the pleadings for Revel. GVEA appeals. We affirm.

## MEASURE OF DAMAGES UNDER AS 42.20.030(a)

GVEA argues that Revel is civilly liable for its costs of investigating his theft of utility service. Revel contends that GVEA may only recover actual damages, not all costs that are quantifiable. The trial court believed investigative costs should be recoverable, but granted judgment for Revel to promote consistency in civil and criminal damage assessments under AS 42.20.030(a) and AS 12.55.100(a), respectively.[1]

AS 42.20.030(a) creates civil liability for treble damages when a person intentionally damages a utility's property or takes its service without its permission.[2] The ques-

tion raised by this case is whether a utility's cost of discovering the theft of utility services is within the scope of AS 42.20.-030(a).

■ Subparagraphs (1)–(7) permit recovery of damages arising from physical damage to or interference with a utility's property or equipment. We interpret the term "actual damages sustained" to refer to physical damage to the property. Subparagraph (8) authorizes recovery for three times the value of utility service taken. We conclude that the legislature did not intend to allow recovery of three times the cost of apprehending a person who takes service from a utility.

GVEA's reliance on our decision in *Curt's Trucking Co. v. City of Anchorage,* 578 P.2d 975 (Alaska 1978), is misplaced. In that case we addressed the scope of indirect damages recoverable when an overhead utility line is damaged by a dump truck. We ruled that routine administrative overhead costs relating to the utility's *repair* of physical damages sustained are recoverable if they are a fair and reasonable allocation of actual repair costs, even though the costs are indirect. *Id.* at 979. However, overhead costs pertaining to *risk management* or *claims processing* are not recoverable because they are similar to expenses incurred in preparing for litigation,

1. Revel was convicted of second degree theft, AS 11.46.130(a)(1), for the unauthorized taking of GVEA's power. As a condition of probation, the trial court ordered Revel to pay $21,221.08 restitution under AS 12.55.100(a). Revel appealed, and the court of appeals reduced the criminal restitution award by $3,750, representing GVEA's investigative costs. *Revel v. State,* MO & J No. 613 (Alaska App., June 13, 1984).

2. AS 42.20.030(a) provides:
   (a) A person is civilly liable to the utility whose property is damaged in a sum equal to three times the amount of the actual damages sustained and three times the value of the service taken if the person intentionally or in the exercise of gross negligence
   (1) damages a pole, tree, pipeline, or other object used in a utility line;
   (2) damages an insulator in use in the line or damages or removes from its insulator any wire used in a utility line;

(3) damages the insulation of the line or interrupts the transmission of the service through it or damages the protective wrapping of a water, oil, or gas pipeline;
(4) damages property or materials belonging to a utility;
(5) interferes with the use of a utility line, or obstructs or postpones the transmission of service over a utility line;
(6) procures or advises damage to any utility line;
(7) interferes with or alters a meter or other device for the measuring of service from a utility; or
(8) *without the permission of the utility takes service from the utility or taps a wire or line used for the transmission of service* or procures or advises this to be done.
(Emphasis added).

and thus do not represent indirect costs of repair. *Id.* at 981.

GVEA's investigative costs here are not routine administrative overhead related to valuing service taken without permission; instead, they relate to the discovery of an unauthorized taking of utility service. Investigative costs are more like risk management overhead in that they do not represent an indirect cost of valuing service. Therefore, our decision in *Curt's Trucking* does not support GVEA's position.

We conclude that AS 42.20.030(a), read as a whole, is intended to limit a utility's recovery to actual damages arising from physical injury to its equipment and for the value of utility service taken. Because GVEA seeks recovery of investigative costs which are unrelated to valuation of utility service taken, we affirm the judgment on the pleadings for Revel.[3]

AFFIRMED.

3. Our disposition of this issue makes it unnecessary to consider the other arguments briefed on