**FAIRBANKS NORTH STAR BOROUGH, Appellant,**

v.

**ROEN DESIGN ASSOCIATES, INC., Appellee.**

No. S–1384.

Supreme Court of Alaska.

Nov. 7, 1986.

R. Everett Harris and Scott H. Finley, Jensen, Harris & Roth, Anchorage, for appellant.

Ronald E. Noel and Gregory W. Lessmeier, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

This case involves an interpretation of an indemnity clause in a contract between the Borough and a design firm for the design of a road, and the effect of such a clause on the indemnitee's ability to sue under principles of common law indemnity. We hold that the clause does not encompass the claims in question but the indemnitee nonetheless can assert a claim based on principles of common law indemnity.

## I. FACTS AND PROCEEDINGS

The Fairbanks North Star Borough (the Borough) contracted with Roen Design (Roen) for the preparation of an environmental assessment, feasibility study, and

initial plans for the Cripple Creek II subdivision near Fairbanks. The contract contained the following provision:

*Section 6. Hold Harmless-Indemnity*

The Contractor shall save, hold harmless and indemnify the Borough from any liability, claims, suits or demands, including costs, expenses and reasonable attorney's fees, incurred for or on account of injuries or damages to persons or property as a result of any act or omission of the Contractor in the performances pursuant to this contract.

The parties entered into a second agreement for the survey and design of roads in the subdivision. Although the second agreement did not contain an indemnity clause, the trial court held that the indemnity clause in the first contract applied to performance of the second contract. This is not appealed.

Kandik Construction (Kandik) was awarded the contract for construction of roads in the subdivision. Kandik began work in the summer of 1985 but soon encountered difficulties in meeting the contract's specifications. Kandik brought suit against the Borough and Roen. The complaint alleged (1) the existence of design deficiencies resulting from negligence and professional malpractice on the part of Roen, (2) that the deficiencies also constituted a breach of the Borough's express and implied warranties of specification and design adequacy, and (3) that the Borough by its conduct further breached express and implied warranties of cooperation, good faith, and fair dealing. Kandik prayed for judgment against the Borough and Roen, jointly and severally, for damages in excess of $500,000.

The Borough tendered the defense of the claims to Roen. Roen rejected the tender. The Borough then filed a cross-claim against Roen alleging that under the indemnity clause and principles of common law indemnity Roen was required to defend the Borough and to indemnify it for all damages arising out of Roen's work. Roen denied these allegations.

Roen and the Borough both moved for summary judgment on the cross-claim.

Roen asserted that Kandik's allegations against the Borough were not within the scope of the indemnity clause. The Borough argued that under the indemnity clause Roen was obligated to defend and indemnify the Borough for all of Kandik's claims against it, claiming that but for the defective specifications and deficient design, the Borough would not be involved in the suit.

While the motions were pending, Kandik and Roen settled, releasing Roen from "all claims ... arising in connection with the road building work performed by Kandik" in Cripple Creek II subdivision for $50,000.

On December 1, 1985, Judge Greene entered an order granting summary judgment in favor of Roen on the cross-claim. In a December 3 written decision she stated:

Based on a reasonable construction of this indemnity provision, this court concludes that Roen is not obligated to indemnify the Borough for anything other than Roen's own negligence. The court was advised by counsel for Roen at oral argument that Roen has settled with Kandik; thus, any liability for Roen's own negligence has been resolved and the Borough will not be held liable for Roen's negligence. The same analysis is applicable to the obligation to defend. Thus, there is no genuine issue of material fact and Roen is entitled to summary judgment on the cross-claim of the Borough as a matter of law.

On December 4 the Borough filed a motion to amend its cross-claim to specifically allege Roen's negligence. Judge Greene denied the Borough's motion and entered judgment in favor of Roen on the Borough's cross-claim. A certificate complying with Civil Rule 54(b) was entered making this judgment final and appealable. The Borough appeals.

## II. DISCUSSION

### A. *Interpretation of the Indemnity Provision*

The indemnity clause provides for indemnification "from any liability, claims, suits

or demands, ... incurred for or on account of injuries or damages to persons or property as a result of any act or omission of the Contractor in the performances pursuant to this contract." Judge Greene interpreted the clause as obligating Roen to indemnify the Borough only for losses caused by Roen's own negligence. She reasoned that the "injuries or damages to persons or property" language "is clearly the language of tort, not contract." She also found the phrase "as a result of any act or omission of the Contractor" to be more restrictive than the language in other cases in which we have found an intent to indemnify for the indemnitee's own negligence.

On appeal, the Borough asserts that Judge Greene erred in her interpretation of the clause, arguing that it applies to any claim brought against the Borough that results from an act or omission of Roen in its performance under the contract.

▮▮▮ In interpreting indemnity clauses "the unambiguous language of an indemnity clause as 'reasonably construed' should be given effect." *Manson-Osberg Co. v. State,* 552 P.2d 654, 659 (Alaska 1976); *C.J.M. Constr. v. Chandler Plumbing & Heating,* 708 P.2d 60, 62 (Alaska 1985). The clause does not limit indemnity to "*tort* liability, claims, suits or demands," nor to "liability, claims, suits or demands ... incurred ... as a result of any *negligent* act or omission of the Contractor." Since an act or omission may cause an injury without being negligent we do not interpret the clause as necessarily applying only to negligence claims.

We agree with Roen, however, that the "injuries or damages to persons or property" language limits indemnification to claims and liability based on physical injury or damage to persons or *tangible* property. While, as the Borough points out, property in its broadest sense may be "commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible," Black's Law Dictionary 1382 (rev. 4th ed. 1968), the common usage of phrases such as "injuries or damages to property" is to denote physical damage to tangible property. *See, e.g., Golden Valley Elec. Ass'n v. Revel,* 719 P.2d 263, 264 (Alaska 1986) (per curiam) (interpreting AS 42.20.-030(a)); *Kodiak Electric Ass'n v. DeLaval Turbine,* 694 P.2d 150, 156 (Alaska 1984) ("phrase 'injuring personal property' incorporates actions for injury to tangible personal property"). Because Kandik's claim against the Borough was not a "suit[] ... on account of injuries or damages to persons or property" the indemnity clause is inapplicable.

### B. *Common Law Indemnification*

In its cross-claim against Roen, the Borough alleged that "under controlling principles of common law," as well as under the contract, Roen was required to undertake the Borough's defense against Kandik's claims, and in the event Kandik prevailed on any of its claims, to indemnify the Borough from any and all loss suffered by the Borough in connection with those claims. Roen and the Borough filed cross motions for summary judgment which addressed only the applicability of the contractual indemnity provision. In granting summary judgment in favor of Roen, Judge Greene likewise addressed only the contractual indemnity provision.

After Judge Greene granted summary judgment in favor of Roen, finding that the Borough would not be held liable for Roen's negligence as pleaded by Kandik, the Borough filed a motion to amend its cross-complaint. The proposed amended cross-complaint alleged:

Under the terms of its contract with the Borough and under controlling principles of common law, in the event that Kandik prevails on any of its claims against the Borough, Roen is required to indemnify the Borough from any and all loss or injury suffered by the Borough in connection with those claims, which losses arise from or are caused by or are a result of any act or omission, negligence or professional malpractice by Roen, in-

cluding extensive deficiencies in design by Roen as alleged by Kandik.

Judge Greene denied the motion.

 The obligation of indemnity has been defined as "the obligation resting on one party to make good a loss or damage another has incurred." *E.L. White, Inc. v. City of Huntington Beach*, 21 Cal.3d 497, 146 Cal.Rptr. 614, 619, 579 P.2d 505, 510 (1978) *quoting Rossmoor Sanitation v. Pylon, Inc.*, 13 Cal.3d 622, 119 Cal.Rptr. 449, 452, 532 P.2d 97, 100 (1975). This obligation may arise from express contractual provisions or from the common law. *See City and Borough of Juneau v. Alaska Elec. Light & Power*, 622 P.2d 954, 957–58 (Alaska 1981); *E.L. White*, 146 Cal. Rptr. at 619, 579 P.2d at 510. A contractual indemnity clause is interpreted so as to effectuate the intent of the parties. *Cook v. Southern Pac. Transp. Co.*, 50 Or.App. 547, 623 P.2d 1125, 1128 (1981) (en banc); *Jones v. Strom Constr.*, 84 Wash.2d 518, 527 P.2d 1115, 1117 (1974) (en banc). It is accorded a certain preemptive effect, displacing rights of common law indemnity within its intended scope of coverage. *E.L. White*, 146 Cal.Rptr. at 620–21, 579 P.2d at 511–12. While by its terms it might also evidence an intent to preclude common law indemnification altogether, we see no indication of such intent here.[1] The provision protects the Borough from liability for claims for tangible property damage or per-

sonal injury as a result of Roen's acts, whether or not Roen acted negligently. It provides the Borough greater protection than it would have under principles of common law but it does not suggest an intent to exonerate Roen from other losses suffered by the Borough as a result of Roen's negligence.[2] The Borough therefore is not precluded from maintaining a claim for common law indemnity.

Roen's duty to indemnify the Borough for the latter's costs, expenses, and attorney's fees incurred in its defense are also at issue. The right to indemnity controls recovery of costs and attorney's fees as a matter of policy. *Heritage v. Pioneer Brokerage & Sales*, 604 P.2d 1059, 1066 (Alaska 1979). As a general rule

> [I]n actions of indemnity, brought where the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.

*Id.* at 1067 *quoting Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708, 710 (1971); *D.G. Shelter Prod. v. Moduline Indus.*, 684 P.2d 839, 841 n. 5 (Alaska 1984).

In conclusion, although the contractual indemnity clause is by its terms inapplicable where the principal claim is not one for tangible damage to property, the Borough

---

1. We disagree with those jurisdictions that would seem to hold that the entire area of common law indemnity is preempted simply by virtue of the existence of an indemnity agreement. *See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 453 F.Supp. 527, 539–40 (W.D.Pa.1978); *Wyoming Johnson, Inc. v. Stag Indus.*, 662 P.2d 96, 101 (Wyo.1983); *Southern Pac. v. Morrison-Knudsen Co.*, 216 Or. 398, 338 P.2d 665, 671 (1959). In our view the fact that the parties chose to make explicit certain rights and obligations of indemnity does not of itself mean that they intended that these would be exclusive. Indemnity clauses are to be viewed realistically, recognizing the intent of the parties to allocate certain losses arising out of performance of the contract. *Strom Constr.*, 527 P.2d at 1117. It would be unrealistic to assume, without more, that such an allocation was intended to preclude liability for other losses caused by the indemnitor's negligence.

2. Roen's position before the trial court is consistent with this interpretation of the indemnity provision. Roen stated in its memorandum supporting its motion for summary judgment on the Borough's cross-claims:

> Roen believes the evidence will show that the quality of its design work was more than adequate to satisfy the standard of care required of it. As a party to this lawsuit, it is fully prepared to defend against all contrary claims, including the redundant claim seeking recovery from the Borough as guarantor of the quality of the work. But it is in no way responsible for, or obligated to indemnify the Borough against, losses resulting from the Borough's tortious behavior or from its breach of contract.

is nonetheless entitled to bring a cross-claim for common law indemnity. It adequately pleaded such a claim,[3] and has consistently argued that it is being sued because of the defective specifications and design deficiencies of Roen.

REVERSED.

RABINOWITZ, Chief Justice, concurring.

Here the Borough contracted with Roen (a design firm) for the preparation of an environmental assessment, feasibility study, survey and design of roads, and plans for the Cripple Creek II subdivision. As part of these contracts it was provided that:

> The Contractor shall save, hold harmless and indemnify the Borough from any liability, claims, suits or demands, including costs, expenses and reasonable attorney's fees, incurred for or on account of *injuries or damages to persons or property* as a result of any act or omission if the Contractor in the performances pursuant to this contract.

[Emphasis added.]

I cannot agree with the court's holding that the "injuries or damages to persons or property" language limits this indemnification clause to claims and liability based on physical injury or damage to persons or tangible property, and thus does not apply in this case. The wording of the indemnity clause in no way indicates that the parties intended to limit its application to physical damage to tangible property. In light of the fact that the Borough contracted for professional engineering services, the indemnity clause reasonably construed reflects the parties' intent to include economic loss.[1]

**3.** Since it was not necessary to amend the cross-claim, the court did not err in denying the motion to amend.

**1.** Inherent in my position is my further disagreement with the court's conclusion that "common usage" of the phrase "injuries or damages to property" denotes physical damage to

tangible property. Neither *Golden Valley Elec. Ass'n v. Revel,* 719 P.2d 263 (Alaska 1986) nor *Kodiak Elec. Ass'n v. DeLaval Turbine,* 694 P.2d 150, 156 n. 9 (Alaska 1984) is dispositive of the question. In all other respects I am in agreement with the court's opinion.