988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WAUSAU INSURANCE CO.; Industrial Indemnity, Plaintiffs-Appellants,
v.
PRIME-MOVER, Defendant-Appellee.
 No. 91-36258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CV-90-00418-AJK, Andrew J. Kleinfeld, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 A. The principal question in this appeal is whether a retailer must prove a product defect in order to obtain common law indemnity from the manufacturer of the product. Though Alaska case law is not entirely clear on this point, the weight of authority suggests an affirmative answer. See Koehring Mfg. Co. v. Earthmovers of Fairbanks, 763 P.2d 499, 502 (Alaska 1988) ("There being no evidence of any alteration by Earthmovers, Koehring was liable in indemnity to Earthmovers, should the crane be found to have been defectively designed."); D.G. Shelter Prods. Co. v. Moduline Indus., 684 P.2d 839, 841 (Alaska 1984) ("Whether Shelter supplied a defective product must be resolved before liability for attorney's fees can be determined.").
 
 
 3
 B. Having determined that Wausau was required to show product defect, we conclude it did not carry this burden sufficiently to overcome summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment mandated against party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3