1073

Bert ROBBINS, Respondent-Appellant v. FIRST FEDERAL SAVINGS BANK, Southern Bank & Trust Company, and The Citizens and Southern National Bank of South Carolina, Defendants, of whom Southern Bank and Trust Company is Appellant-Respondent.

(363 S. E. (2d) 418)

Court of Appeals

*Edward W. Miller,* of *Miller & Paschal,* Greenville, *for appellant-respondent.*

*Earl R. Gatlin,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent-appellant.*

Heard Oct. 19, 1987.

Decided Dec. 14, 1987.

SHAW, Judge:

Respondent-Appellant Bert Robbins (hereinafter Robbins) commenced this action against Southern Bank and Trust Company (hereinafter Southern) and two other banking institutions which were later removed from the case. Following a pretrial hearing, the trial judge denied Southern's motions to dismiss and to join parties, granted Robbins' motion for summary judgment and denied Robbins'

motion to amend his complaint to seek prejudgment interest. We affirm in part and reverse in part.

This case arose out of the representation of Robbins and his wife by an attorney, John A. Marion, in a real estate matter. In the course of his representation of the Robbinses, Marion came into possession of three separate checks made out to either himself and Robbins or himself and Robbins' wife. Robbins brought this action against Southern alleging Marion forged his and his wife's names on the checks, deposited them in his trust account, and Southern paid on the forged endorsements thus converting the checks. Robbins also alleged he was assigned all of his wife's interest in these checks.

Southern contends the trial judge erred in granting Robbins' motion for summary judgment on the ground that a genuine issue of material fact exists. Specifically, Southern argues there is a genuine issue of fact as to whether Marion had authority to endorse the Robbinses' names on the checks.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Moss v. Porter Brothers, Inc.*, 292 S. C. 444, 357 S. E. (2d) 25 (Ct. App. 1987). Southern admits, "It is undisputed that John A. Marion forged the Respondent's signature on the subject checks. . . ." The liability of Southern is predicated on § 36-3-419(1)(c) of the South Carolina Code of Laws, 1976, which declares an instrument to be converted when it is paid on a forged endorsement. The South Carolina Reporter's Comments state this section codifies the common law rule as expressed in the leading case of *Charleston Paint Co. v. Exchange Banking and Trust Co.*, 129 S. C. 290, 123 S. E. 830 (1943). There, it was held a bank would be liable to the true owner of a check where the bank paid on a forged instrument, regardless of whether or not the bank knew or had reason to know of the forgery.

Southern further argues the trial judge erred in denying its motion to dismiss based on the running of the Statute of Limitations as set out in § 36-4-406(4) South Carolina Code of Laws (1976). This section provides:

> Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year from the time the statement and items are made available to the customer (subsection (1) ) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

It is clear from the record the Robbinses first discovered a conversion had occurred on March 17, 1982 when Marion notified them by letter. It is also clear this action was not filed against Southern until March 13, 1986. Southern thus argues the three year statute of limitations had already run. We disagree. Section 36-4-406(4) does not apply to this case. South Carolina Code of Laws (1976) Section 36-4-104(1)(e) defines "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items. . . ." No such relationship existed between the Robbinses and Southern and the Robbinses were therefore not customers under Section 36-4-406(4).

Southern next contends the trial judge erred in denying its motion to dismiss under South Carolina Code of Laws (1976) Section 36-3-419(3). This section provides:

> . . . a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

Southern's motion to dismiss does not specifically raise this section as a ground for dismissal. In arguing the motion, Southern argued the statute of limitations but failed to argue Section 36-3-419(3). Therefore, the issue is not properly before this court since this argument was not made to the circuit court. See *Austin v. Conway Hospital, Inc.*, 292 S. C. 334, 356 S. E. (2d) 153 (Ct. App. 1987).

Finally, Southern contends the trial judge erred in denying its motion to join the Client Security Fund (C.S.F.) and John A. Marion as necessary parties. Southern argues the C.S.F. made substantial payments to Robbins as a result of Marion's actions and since the C.S.F. has a subrogated interest in Robbins' claim, it is a necessary party to the action. Southern also contends, because it was Marion's culpable conduct which brought about the claims being made in this case, a complete adjudication could not be had without the joinder of Marion.

Under current South Carolina rules of civil procedure, one may be joined as a party in an action if, in his absence, complete relief cannot be accorded among those already parties or he claims an interest in the subject of the action and is so situated that disposition of the action in his absence may impair his ability to protect that interest or may subject those already parties to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of his claimed interest. S.C.R.C.P. Rule 19(a). When the issue of an absent party is raised, S.C.R.C.P. 19(a) directs the court to consider whether such absence affects the interests of the absent party or those already parties to the action. See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure* 177 (1985).

Because the C.S.F. has a right to subrogation, its interests will not be impaired if it is not joined as a party. Neither will the failure to join the C.S.F. expose Southern to multiple or inconsistent obligations. Further, joinder of the C.S.F. is not necessary for complete relief to be granted.

Likewise, the interests of Marion will not be impaired and he will not be exposed to multiple or inconsistent obligations if he is not joined. "Here the Court must view the problems pragmatically because an absent party's interests can rarely be legally bound by principles of *res judicata* in proceedings to which he was not a party." *Id.* at 177. Finally, the joinder of Marion is not necessary for complete relief. Southern may be found liable to Robbins for payment on a forged instrument regardless of whether Marion is made a party. If Southern is seeking to hold Marion liable to it in the event of a judgment against Southern, the

proper procedure would have been to implead Marion as a third-party defendant pursuant to S.C.R.C.P. 14(a).

Finally, Robbins contends the trial judge erred in denying his motion to amend his complaint to add prejudgment interest. The trial judge ruled South Carolina Code of Laws (1976) Section 36-3-419(2) applied to limit recovery to the face value of the instrument and therefore denied Robbins' motion to amend.

A motion to amend a pleading is addressed to the second discretion of the trial judge and his decision will rarely be disturbed on appeal. *Porter Bros., Inc. v. Specialty Welding Co.*, 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985). However, it is clear from the trial judge's order the denial of the motion was based solely on his determination that prejudgment interest was not allowable under the statute. Section 36-3-419(2) provides:

> In an action against a drawer under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount.

The official comment to this section states that subsection (2) adopts the rule generally applied to the conversion of negotiable instruments, that the obligation of any party on the instrument is presumed to be worth its face value. The intent behind this section is not to disallow prejudgment interest for an action for conversion. Rather, it is to set an absolute value as that of the face value of the instrument in the case of a drawee and allow evidence to show the obligation is in fact worth less in all other cases.

Section 36-1-103 South Carolina Code of Laws (1976) provides:

> Unless displaced by the particular provisions of this act, the principles of law and equity ... shall supplement its provisions.

Section 36-3-419(1)(c) is the codification of common law conversion. Therefore, principles applicable to common law conversion should likewise be applied.

The general rule is that in actions for the conversion of property, interest on the value of the property converted

may be recovered. 36 A.L.R. (2d) 377. "Prejudgment interest is allowed on liabilities to pay money from the time ... payment was demandable, if the sum is certain or capable of being reduced to certainty." *Southern Welding Works, Inc. v. K & S Construction Co.*, 286 S. C. 158, 332 S. E. (2d) 102, 106 (Ct. App. 1985). In the instant case, the sum was certain and payment was demandable at the time of conversion. Further, this court held in the case of *Mack v. Riley*, 282 S. C. 100, 316 S. E. (2d) 731 (Ct. App. 1984) the measure of damages for money which has been converted is its amount with legal interest from the date of conversion. We discern no difference between conversion of money by a bank and conversion of money by an individual as in the *Mack* case. We therefore hold the trial judge erred in denying Robbins' motion to amend as he was under a misapprehension of the law.

This court holds that all other issues raised in this case are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

For the foregoing reasons the judgment below is affirmed in part, and reversed in part.

Affirmed in part, and reversed in part.

BELL and CURETON, JJ., concur.