STATE FARM INSURANCE
COMPANY, Appellant,

v.

AMERICAN MANUFACTURERS MUTU-
AL INSURANCE CO.; Rebecca J.
Krueger; Jeanne R. Wright; and Ray-
mond Kearlee Wright, Appellees.

Jeanne R. WRIGHT and Raymond
Kearlee Wright, Cross–
Appellants,

v.

STATE FARM INSURANCE COMPANY;
American Manufacturers Mutual Insur-
ance Company and Rebecca Krueger,
Cross–Appellees.

Nos. S–4537, S–4606.

Supreme Court of Alaska.

Dec. 11, 1992.

Rehearing Denied Jan. 22, 1993.

Paul W. Waggoner, Anchorage, for ap-
pellant/cross-appellee, State Farm Ins.

Arthur S. Robinson, Robinson, Beiswen-
ger & Ehrhardt, Soldotna, for appel-
lee/cross-appellant Jeanne and Raymond
Wright.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## OPINION

BURKE, Justice.

In this appeal and cross-appeal, the par-
ties challenge different aspects of the supe-
rior court's attorney's fee award. The

court awarded State Farm Insurance Company $1,000 in partial attorney's fees after granting State Farm's summary judgment motion and dismissing State Farm from the underlying interpleader action. State Farm argues on appeal that it is entitled to full attorney's fees under indemnity and bad faith litigation theories. The Wrights argue in their cross-appeal that the superior court erred in imposing attorney's fees jointly and severally against the Wrights and American Manufacturers Mutual Insurance (AMMIC) and refusing to use the interpleader fund as the source of the fees. We affirm the attorney's fee award.

## I. FACTS AND PROCEEDINGS

In 1986 Jeanne Wright was injured when her car collided with a car driven by Rebecca Krueger. Ms. Wright and her husband sued Krueger for damages resulting from the accident. State Farm, Krueger's insurer, agreed to settle the Wrights' claim for $45,000. The release provided that:

The undersigned warrants that he/she has the authority to execute this Release, that he/she has not assigned the claim in full or in part and that there are no medical liens outstanding. He/She will indemnify Releasees from any loss resulting from a breach of this warranty.

Despite the language of the release, it is undisputed that both State Farm and the Wrights knew prior to the settlement that AMMIC, the Wrights' insurance carrier, asserted a subrogation claim directly against State Farm. The subrogation claim was for $10,000 which AMMIC had previously paid for Ms. Wright's medical treatment. State Farm admits having received a letter from AMMIC prior to the settlement, advising it of the subrogation claim and the fact that the Wrights' attorney did not have authority to represent AMMIC's interest. This letter was also sent to the Wrights' attorney.

The Wrights signed the release on June 22, 1988. A letter from State Farm's attorney to the Wrights' attorney, dated May 20, 1988, states "This letter confirms that we have settled this case for $45,000, inclusive of all liens." Due to the competing claims of the Wrights and AMMIC, State Farm paid the Wrights only $35,000 and placed the remaining $10,000 in the registry of the court in an interpleader action.

Disputes over the significance of the settlement agreement fueled the protracted interpleader litigation. State Farm took the position that it had settled the case for a total of $45,000. It argued that by interpleading $10,000 and paying the remainder directly to the Wrights, it had protected the interests of all parties and was no longer involved in the dispute. The Wrights and AMMIC claimed that the settlement and release had no effect on AMMIC's independent subrogation claim. They asserted State Farm was aware of the claim at the time of settlement. In the various court filings, the Wrights maintained that they intended to settle their claim for the full $45,000. They did not intend to extinguish AMMIC's claim or warrant that AMMIC had no outstanding claim against State Farm.

After several initial rulings against State Farm, the superior court granted State Farm's motion for summary judgment and dismissed the company from the action. The court found that it was "undisputed in the record on summary judgment that the parties to the settlement intended the $45,000 settlement to include the lien of AMMIC." State Farm requested full attorney's fees of $7,173.50 arguing that the terms of the settlement agreement entitled it to an award of full attorney's fees. State Farm also claimed that its adversaries had acted in bad faith by refusing to allow the company to be dropped from the interpleader action.

The trial judge awarded State Farm $1000 assessed jointly and severally against the Wrights and AMMIC. The judge provided the following reasons for the award:

State Farm elected to file the interpleader action and thus the costs and fees incurred in that filing are not properly borne by defendants Wright and AMMIC. Furthermore, all costs in the appellate court for the petition for review are not properly awarded by this court. Fi-

nally, State Farm's decision to relitigate this issue at the point that a new judge was assigned should not result in additional assessment of fees against defendants, despite the fact that this court's decision differed from that of Judge Cranston. *This fee award represents partial compensation for the fees incurred in the original summary judgment motion.* (emphasis added).

After the court denied State Farm's motion for reconsideration, both State Farm and the Wrights appealed the court's decision.[1] The Wrights' points on cross-appeal state that the "trial court erred in granting an award of attorney's fees to State Farm Insurance Company." The Wrights made no challenge to the form of the award in their points on cross-appeal.

## II. DISCUSSION

When no money judgment is obtained, the "prevailing party" in an interpleader action is entitled to attorney's fees "fixed by the court in its discretion in a reasonable amount."[2] Alaska R.Civ.P. 82(a)(1); *see also Miller v. LHKM,* 751 P.2d 1356, 1362 (Alaska 1988). In *Miller,* we upheld an award of partial fees to a codefendant in an interpleader action, restating the well-established rule that the "purpose of the attorney's fee rule is to partially compensate the prevailing party, not to penalize a party for litigating a good faith claim." *Id.*

We have, however, permitted full attorney's fees to be awarded: 1) when a party asserts a frivolous claim, *Crawford & Co. v. Vienna,* 744 P.2d 1175, 1178 (Alaska 1987); 2) when a party litigates in bad faith, *Keen v. Ruddy,* 784 P.2d 653, 657 (Alaska 1989); 3) when a party is liable under an indemnity clause, *Manson–Osberg Co. v. State,* 552 P.2d 654, 660 (Alaska 1976); or 4) when the award is made pursuant to an express contract provision, *Jackson v. Barbero,* 776 P.2d 786, 788 (Alaska 1989). State Farm argues that the indemnity and bad faith exceptions are applicable in this ·case.

### 1. *The Indemnity Clause*

■ Relying on *Manson–Osberg,* State Farm argues that the indemnity clause in the settlement agreement provides the basis for an award of full attorney's fees. In *Manson–Osberg,* we held that notwithstanding the usual procedure of awarding only partial attorney's fees, the trial court properly awarded full attorney's fees to a party who successfully brought a third-party indemnity action because the " 'hold harmless' indemnity clause should include the cost of recovery on the clause itself, as a matter of policy." *Manson–Osberg,* 552 P.2d at 660.

The obvious distinguishing feature between the present case and *Manson–Osberg* is that State Farm never brought an indemnity claim and therefore never obtained a judicial ruling that the settlement agreement had been breached or indeed that the Wrights were required to indemnify State Farm.[3] The significance of this is clear from the rationale we used in *Manson–Osberg* to support our holding:

> The [indemnitee] is not held harmless if it must incur costs and attorney's fees in bringing suit to recover on the indemnity clause. The [indemnitor] on the other

---

1. The Wrights initially appealed the court's order granting State Farm's summary judgment motion, but that point was ordered stricken. In addition, AMMIC filed a cross-appeal which was later settled and dismissed.

2. State Farm requests *de novo* review based on its view that the issue presented on appeal involves the interpretation of a contract. The Wrights maintain that an abuse of discretion standard is appropriate because the trial court simply awarded attorney's fees to State Farm as provided for in Civil Rule 82(a). We agree with the Wrights' position and will reverse the fee award only if it was "manifestly unreasonable."

*Thorstenson v. ARCO Alaska, Inc.,* 780 P.2d 371, 376 (Alaska 1989).

3. In its brief, State Farm claims that the order granting summary judgment "represents the law of the case." We presume that, by this, State Farm means that the court's ruling establishes a breach of the settlement agreement as a matter of law and somehow transforms this interpleader action into "a breach of contract case." Not only is State Farm's reading of the superior court's order questionable, the procedural mechanism it assumes is almost magical. State Farm cites no case law or rule of civil procedure to support its argument.

hand can avoid such costs and attorney's fees by paying the amount due without the necessity of suit. If, of course, the [indemnitor] has a just defense to all or a portion of the indemnity claim and offers to make payment to the portion to which there is no such just defense, the costs and attorney's fees would be voided and under [Civil] Rule 68 the [indemnitor] would be entitled to recover from the date of making such offer of settlement.

*Id.*

In *Manson–Osberg*, we treated the costs of bringing suit as part of the obligation the indemnitor undertakes in the indemnity agreement. This is even more clearly stated in *Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059, 1066–67 (Alaska 1979), where we articulated the rule as follows:

> *[I]n actions of indemnity,* brought where the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, *reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.*

*Id.* at 1067 (quoting *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708, 710 (1971)) (emphasis added). *Manson–Osberg* simply stands for the proposition that Civil Rule 82 "does not apply to the costs and attorney's fees *incurred in establishing the right to indemnity.*" *Heritage*, 604 P.2d at 1066 n. 20 (emphasis added).

In this case, State Farm incurred costs and fees when it sought dismissal from the interpleader action. It never brought an indemnity action or incurred costs "establishing the right to indemnity." It would not be sensible to allow State Farm to recover full attorney's fees under an indemnity theory without first requiring it to bring an indemnity action and establish liability based on a breach of the settlement agreement.

### 2. Bad Faith Litigation

"The trial court may award full attorney's fees if it finds that the losing party acted in bad faith in asserting a claim or a defense." *Keen v. Ruddy*, 784 P.2d at 657. State Farm argues that the Wrights litigated in bad faith when they refused to acknowledge that the settlement was for all claims arising from the accident. Although the superior court made no express finding on this issue, the court's award indicates that it found that the Wrights had not litigated in bad faith.[4] We conclude that the trial court's implicit finding is not "clearly erroneous."[5] *See* Alaska R.Civ.P. 52(a).

In its motion for full attorney's fees, State Farm relied on correspondence between the attorneys for State Farm, AMMIC, and the Wrights to establish that all sides

> knew what the issue was in the case, attorneys fees on the $10,000 [i.e. the interpleader fund].... However, rather than deal with that issue, they forced State Farm to litigate for two years. This is vexatious. State Farm is entitled to full attorneys fees.

Although the correspondence cited, as well as the trial court's decision on the merits, could probably support a finding of bad faith on the part of *the Wrights*,[6] the undisputed facts do not require such a finding.

Despite State Farm's attempt to characterize itself as an innocent stakeholder, it was in fact exposed to potential liability from two separate parties; the Wrights and AMMIC. State Farm chose to settle with the Wrights well aware that AMMIC had an independent cause of action against it. State Farm did not bring AMMIC into the settlement negotiations, even though it

---

**4.** Although the trial court should have made a specific finding on this issue, we are satisfied on the record before us that the trial judge "implicitly" found that the Wrights had not litigated in bad faith.

**5.** Good faith determinations involve questions of fact and therefore should not be set aside unless we have a "definite and firm conviction that a mistake has been made." *Donnybrook Bldg. Supply v. Interior City Branch, First Nat'l Bank of Anchorage*, 798 P.2d 1263, 1266 (Alaska 1990).

**6.** There is certainly no support in the record for a finding of bad faith on the part of AMMIC.

knew the Wrights had no authority to settle AMMIC's claim. State Farm should not have been surprised to discover that its settlement with the Wrights failed to resolve all issues in the case. Furthermore, the settlement agreement itself was poorly drafted if its purpose was to require the Wrights to pay AMMIC's claim out of the $45,000 settlement. State Farm could have clearly set forth the Wrights' duties in the agreement, rather than rely on the factually contradicted warranty/indemnity language. As we read it, the document does not require the Wrights to pay AMMIC any money directly, but merely provides State Farm with a separate indemnity cause of action if it suffers a loss as a result of an outstanding medical lien.

Considering these problems, it is understandable that the superior court refused to award full attorney's fees to State Farm. Although State Farm tries to characterize this appeal as a "breach of contract" or indemnity case, it actually involves a Rule 82 award for partial attorney's fees. The trial court provided a reasonable basis for its award, and we must, therefore, uphold it.

▆▆ As for the Wright's cross-appeal, we agree with State Farm that the Wrights have waived a challenge to the form of the award because they neither raised this issue below nor included it in their points on appeal. It was State Farm, not the Wrights, who requested that the attorney's fees be deducted from the fund itself. The Wrights originally attempted to appeal the trial court's decision on the merits as well as its award of attorney's fees. The summary judgment appeal was ordered stricken, and the Wrights never amended their points on cross-appeal. The Wrights raised their challenge to the form of the award for the first time in their cross-appellant brief. As we discern no "plain error," we refuse to consider their appeal on this point. *See Sea Lion Corp. v. Air Logistics of Alaska,* 787 P.2d 109, 115 (Alaska 1990).

AFFIRMED.