UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY R. GREEN, | No. 15-35335 |
| Plaintiff-counter-claim-defendant-Appellant, | D.C. No. 3:11-cv-00210-TMB District of Alaska, Anchorage |
| v. | |
| ALLSTATE INSURANCE COMPANY, | ORDER |
| Defendant-counter-claimant-plaintiff-Appellee. | |

Before:  GOULD and PAEZ, Circuit Judges, and LEMELLE,[*] District Judge.

The memorandum filed on May 18, 2017 is amended as follows.  Remove paragraph 1, and replace with:

**1.**     The district court did not err in denying consequential damages. An insured may not recover consequential damages if the dispute involves a good faith breach of an insurance contract which provides for a limit on damages in the case of a breach.  *See Alaska Pac. Assurance Co. v. Collins*, 794 P.2d 936, 946-47, 949 (Alaska 1990).

---

[*]     The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

And Green identifies no authority that precludes parties from limiting consequential damages in an insurance agreement. Green did not argue that Allstate denied his claim in bad faith and his damages are appropriately limited by the policy. The district court also correctly denied consequential damages because the court's finding that Allstate's breach was not the cause-in-fact of Green's damages was not clearly erroneous.

An amended memorandum is filed concurrently with this order. With this amendment, appellant's petition for rehearing is DENIED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY R. GREEN,

      Plaintiff-counter-claim-
      defendant-Appellant,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant-counter-claimant-
      plaintiff-Appellee.

No. 15-35335

D.C. No. 3:11-cv-00210-TMB

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted May 16, 2017[**]
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Jeffrey R. Green appeals the district court's judgment in his breach of contract action against Allstate Insurance Company. Although Green prevailed in the district court, he challenges the denial of consequential damages, additional living expenses, pre-judgment interest on an amount paid to his mortgage holder, and actual costs and attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's interpretation of state law. *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1125 (9th Cir. 2010). We review for clear error the district court's findings of fact in support of a damages award. *Koirala v. Thai Airways Int'l, Ltd.*, 126 F.3d 1205, 1213 (9th Cir. 1997). "An award of attorney's fees will be reversed if the trial court's determination is an abuse of discretion or 'manifestly unreasonable.'" *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1326 (Alaska 1993) (quoting *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1138 (Alaska 1989)).

1.      The district court did not err in denying consequential damages. An insured may not recover consequential damages if the dispute involves a good faith breach of an insurance contract which provides for a limit on damages in the case of a breach. *See Alaska Pac. Assurance Co. v. Collins*, 794 P.2d 936, 946-47, 949 (Alaska 1990). And Green identifies no authority that precludes parties from

2

limiting consequential damages in an insurance agreement. Green did not argue that Allstate denied his claim in bad faith and his damages are appropriately limited by the policy. The district court also correctly denied consequential damages because the court's finding that Allstate's breach was not the cause-in-fact of Green's damages was not clearly erroneous.

**2.** The district court did not err in denying Green Additional Living Expenses ("ALE") for the period in which he was incarcerated. The policy provides that Allstate "will pay the reasonable increase in living expenses necessary to maintain your normal standard of living." The district court reasonably interpreted this policy provision to mean that an incarcerated person could be entitled to ALE payments, but that such person would be required to incur housing expenses while incarcerated. The district court did not clearly err in finding that Green incurred no expenses while incarcerated and accordingly was not entitled to ALE payments for that time. *See Koirala*, 126 F.3d at 1213.

The district court also did not err in limiting Green's ALE payments to six months after his home is rebuilt. Under the policy, ALE payments are limited to "the time period required to repair or replace . . . using due diligence and dispatch." The policy did not define "due diligence and dispatch," so the district court looked to other provisions of the policy which required rebuilding to occur within six

3

months of payment. In light of the Alaska Supreme Court's instruction to interpret terms in an insurance policy consistently, the district court did not err. *United Servs. Auto. Ass'n v. Neary*, 307 P.3d 907, 910 (Alaska 2013).

**3.** The district court also did not err in declining to award Green pre-judgment interest on the amount Allstate paid Wells Fargo, Green's mortgage holder and the loss payee under the policy. Green does not challenge that this payment was properly made. Under Alaska law, pre-judgment interest is provided to compensate the plaintiff for the loss of use of wrongfully denied money from the injury through judgment. *City and Borough of Juneau v. Commercial Union Ins. Co.*, 598 P.2d 957, 959 (Alaska 1979). Green cannot show that he was wrongfully denied money because of a payment he impliedly concedes was rightfully paid to Wells Fargo.

**4.** Green seeks actual attorney's fees and costs, instead of the attorney's fees and costs awarded by the district court under Alaska Civil Rule 82 and District of Alaska Local Rule 54.1. Green's arguments are unavailing, as the policy limits fees to those under Rule 82, and Rule 82 provides an exclusive schedule of partial fees rather than actual fees. Ak. R. Civ. P. 82(a) ("Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."). Green argues that his

4

insurance policy falls under the common law exception to Rule 82 for indemnity agreements, but this exception covers express "hold harmless" agreements, not insurance policies. *See Manson-Osberg Co. v. Alaska*, 552 P.2d 654, 660 (Alaska 1976); *see also Palmer G. Lewis Co., Inc. v. ARCO Chem. Co.*, 904 P.2d 1221, 1234 (Alaska 1995); *State Farm Ins. v. Am. Mfrs. Mut. Ins. Co.*, 843 P.2d 1210, 1212-13 (Alaska 1992). Moreover, the Alaska Supreme Court has held that insurance policies are no exception to Rule 82. *Collins*, 794 P.2d at 949. As to costs, Green simply "makes reference" to his fees arguments, but those arguments are meritless and do not demonstrate that the district court erred in its ruling. The district court's rejection of actual fees and costs was accordingly not "manifestly unreasonable." *Hillman*, 855 P.2d at 1326.

AFFIRMED.