19291

Frank L. ADDY, Plaintiff, v. Miss Mary Elise BOLTON et al., Defendants-Appellants, and C. Y. Thomason Company, Defendant-Respondent.

(183 S. E. (2d) 708)

*William B. Patrick, Jr., Esq.*, of *Burns, McDonald, Bradford, Erwin & Few,* Greenwood, *for Appellants,* cites:

*James D. Jefferies, Esq.,* of *Jefferies, Arnold & Wise,* Greenwood, *for Respondent,* cites:

*William B. Patrick, Jr.,* of *Burns, McDonald, Bradford, Erwin & Few,* Greenwood, *for Appellants, in Reply,* cites:

September 27, 1971.

Moss, Chief Justice:

Mary Elise Bolton, Mildred B. Craig and Julian E. Bolton, the appellants herein, are the owners of a store building located on Main Street in the City of Greenwood. The appellants leased this building to Frank L. Addy and Mary P. Addy, wherein they operated a retail jewelry store. During the existence of the lease it became necessary that certain repairs be made to this store building, and the appellants engaged the C. Y. Thomason Company, a general contractor, the respondent herein, to make the needed repairs. In making the necessary repairs the respondent used an oxygen acetylene torch for the purpose of welding certain steel beams in the building. This welding operation started a fire in said building causing damage to the stock of merchandise situated therein and owned by Frank L. Addy and Mary P. Addy.

The Addys instituted this action against the appellants and the respondent to recover for the damage to and loss of their stock of merchandise, asserting that such fire was due to their joint and concurrent negligent, careless and reckless acts.

The appellants, by their answer, alleged that the fire and the damage resulting therefrom was caused by the sole negligence of the respondent. The appellants also filed a cross action against the respondent demanding judgment in an amount equal to any judgment which may be rendered against them in favor of the Addys, together with the costs of the action and attorney fees for defending such. The respondent answered the cross action and denied any liability

to the appellants and interposed a counterclaim demanding judgment against them in an amount equal to any judgment obtained against it by the Addys.

This case came on for trial before the Honorable James Hugh McFaddin, presiding judge, and a jury, at the 1967 Term of the Court of Common Pleas for Greenwood County. At the close of all the testimony, the trial judge directed a verdict against the appellants on their cross action and the respondent on its counterclaim. The jury returned a verdict in the amount of $18,000.00 actual damages against the respondent, thus exonerating the appellants of any liability. The appellants moved for a directed verdict, for judgment *non obstante veredicto,* and in the alternative, for a new trial on their cross action against the respondent. These motions were refused and this appeal followed.

There was no written contract between the appellants and the respondent for the making of the repairs to the building, nor does this record reveal any express agreement on the part of the respondent to hold the appellants harmless from any and all claims for damages to persons or property arising out of or in any way connected with the repairs to the building. However, the appellants contend that even though there was no express contract of indemnity between themselves and the respondent, under the facts of this case such a contract was created by operation of law and under such an implied contract of indemnity they are entitled to recover from the respondent the fees paid their attorneys in the successful defense of this action. We should point out in this connection that the jury found the respondent negligent and awarded damages that have now been paid by it.

We think this appeal can be disposed of by a determination of the single question of whether the appellants, in the absence of an express contract of indemnity, are entitled to recover their costs and attorneys' fees incurred in the successful defense of this action under an implied contract, or because they were put to the necessity of defending them-

selves against the lessees' claim by the tortious conduct of the contractor, or by his breach of contract.

Here, the lessors seek to recover from the contractor the attorneys' fees incurred by them in defending themselves against the claim asserted by the tenants. The weight of authority sustains their right of recovery, either on the theory of an implied contract to indemnify, or because they were put to the necessity of defending themselves against the lessees' claim by the tortious conduct of the contractor, or by his breach of contract.

We quote the following from 22 Am. Jur. (2d), Damages, Section 166, Pages 235-236.

"It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages. In order to recover attorneys' fees under this principle, the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of defendant's tortious conduct; (2) that the dispute was with a third party—not with the defendant; and (3) that the plaintiff incurred attorneys' fees connected with that dispute. If the attorneys' fees were incurred as a result of a breach of contract between plaintiff and defendant, the defendant will be deemed to have contemplated that his breach might cause plaintiff to seek legal services in his dispute with the third party.

\* \* \*

"In actions of indemnity, brought where the duty to indemnify is either implied by law or arises under a contract, reasonable attorney fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses. \* \* \*."

In accord with the foregoing rule, we call attention to 25 C. J. S. Damages § 50e, p. 787; 42 C. J. S. Indemnity § 24, p. 602; 41 Am. Jur. (2d), Indemnity, Section 36, P. 725; 45 A. L. R. (2d) 1183 and 4 A. L. R. (3d) 270.

In the case of *Atlantic Coast Line R. R. Co. v. Whetstone*, 243 S. C. 61, 132 S. E. (2d) 172, we impliedly recognized the rule above stated by quoting the following from *N. C. Elec. Power Co. v. French Broad Mfg. Co.*, 180 N. C. 597, 105 S. E. 394;

"Ordinarily, if one person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action over for indemnity against the person whose wrong has thus been imputed to him; but this is subject to the proviso that no personal negligence of his own has joined in causing the injury."

Based upon the foregoing authorities we conclude that in actions of indemnity, brought where the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.

The judgment of the lower court is reversed and this case remanded thereto for determination of the amount to which the appellants are entitled as reasonable attorneys' fees.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.