## 21523

**SKY CITY STORES, INC., Appellant, v. GREGG SECURITY SERVICES, INC., Respondent.**

(280 S. E. (2d) 807)

*Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

July 22, 1981.

LEWIS, Chief Justice:

This appeal is taken from a summary judgment granted the defendant in an action for indemnification. We reverse and remand for trial.

The appellant Sky City Stores, Inc., contracted with respondent Gregg Security Services, Inc., for the protection of its store in Mauldin, South Carolina. In December, 1976, one of the Gregg Security guards detained a customer on a shoplifting charge. Subsequent prosecution of the charge resulted in an acquittal at jury trial. The customer then brought an action for false arrest and malicious prosecution in which appellant and respondent were named co-defendants. Recovery for the plaintiff was granted in a joint verdict against the defendants. Ultimately the defendants contributed equally to a compromise settlement.

Following this litigation, the appellant brought action against the respondent to recover the amount of its compromise payment as well as attorney fees incurred in the defense of the customer's case. Both parties moved for summary judgment based upon the pleadings, exhibits and testimony from the previous trial. Only a fragment of that testimony is reproduced in the record of this appeal, that portion being testimony of the security guard who arrested and prosecuted charges against the customer. Standing alone, his statements

show that there was no involvement of any Sky City employee or agent in the incident. This is significant, because among the exhibits in the record is a letter of agreement between counsel for the parties which reserves to the appellant a right of indemnification based upon this same lack of involvement.

The court below granted summary judgment to the respondent on the basis that the appellant had no right to indemnification. This finding rested upon the notion of a "nondelegable duty" owed by store owners to the public in contracting for security services. South Carolina has not had occasion to address this issue, although numerous jurisdictions have done so over the course of many years. 38 A. L. R. (3d) 1332. Whether or not the rationale of these decisions might persuade us in a given case, we do not find it necessary to express any view of the matter on this occasion.

The parties themselves have set up the issue of appellant's "involvement" as the determining question of fact. So postured, this case represents nothing more than a suit for recovery by a master over against a servant where alleged misconduct of the latter has given rise to vicarious liability. Such a cause of action is well recognized in this State. *Bell v. Clinton Oil Mill*, 129 S. C. 242, 256-257, 124 S. E. 7; *Addy v. Bolton*, 257 S. C. 28, 33-34, 183 S. E. (2d) 708. We conclude that summary judgment was inappropriately granted for respondent and accordingly reverse and remand for trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.