0329

JKT COMPANY, INC., Plaintiff, v. Grady HARDWICK, d/b/a Hardwick Roofing and Sheet Metal Company, Easley Lumber Company, The Celotex Corporation, John H. Alschuler and John H. Alschuler, Inc., Defendants, of whom: Grady Hardwick, d/b/a Hardwick Roofing and Sheet Metal Company is Respondent-Appellant, Easley Lumber Company is Respondent-Appellant, and The Celotex Corporation is Appellant-Respondent.

(325 S. E. (2d) 329)

Court of Appeals

*D. W. Green* of *Green, Sasser & Beverly,* Conway, and *John Gregg McMaster* of *Tompkins, McMaster & Thomas,* Columbia, *for appellant-respondent.*

*Robert M. McInnis,* North Myrtle Beach, *M. M. Weinberg,* Sumter, *James P. Stevens* and *George M. Hearn,* Loris, *for respondents-appellants.*

Heard May 30, 1984.

Decided Dec. 10, 1984.

*Per Curiam:*

The sole question we must decide in these appeals is whether a defendant who incurs attorneys' fees and other expenses of litigation in the successful defense of a third-party's claim may seek indemnification for these expenses against a codefendant who is found liable, even though the defendant would not have been entitled to indemnification if he had been found liable. We hold that such a defendant has no right of indemnification against his codefendant for these expenses of litigation.

The underlying case was a suit for damages by the plaintiff JKT Company, Inc., for a faulty roof on its office building and warehouse. To the extent pertinent to these appeals, the defendants were The Celotex Corporation, the manufacturer and seller of the roofing material, Easley Lumber Company,

the general contractor, and Grady Hardwick, the roofing subcontractor. The suit was based upon negligence and breach of express and implied warranties.

The complaint's allegations of negligence charged Celotex with supplying defective roofing materials. The allegations against Easley and Hardwick, on the other hand, centered on the actual construction of the roof. For example, the complaint charged them with negligence in (1) allowing certain materials to be exposed to weather and become unsuitable for use in the roof, (2) improperly "brooming" and "distributing" the "asphalt on the felts," (3) failing to construct the roof according to the plans and specifications of the owner, and (4) failing to construct the roof in a workmanlike manner.

Easley and Hardwick asserted cross-complaints against Celotex seeking indemnification for any liability and all damages they might incur arising out of JKT's suit. The trial judge withdrew the cross-complaints from the jury's consideration, reserving for himself the question of indemnification.

The jury returned a general verdict against Celotex and Easley in the sum of $150,000.00. On appeal, the Supreme Court affirmed the verdict against Celotex but reversed the verdict against Easley, ruling that the trial judge should have granted Easley's motion for judgment n.o.v. *JKT Company, Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980). Thus, both Easley and Hardwick were exonerated on all possible theories, and Celotex was the only party found liable to JKT.

Following the Supreme Court's decision, Easley and Hardwick renewed their cross-claims for indemnification from Celotex and requested the trial court to award them the attorneys' fees and the expenses of litigation they incurred in defending against JKT. *See Ex parte Stevens, Stevens & Thomas, P.A.*, 277 S. C. 150, 283 S. E. (2d) 444 (1981) (action for attorneys' fees is one in equity). After an evidentiary hearing, the trial judge awarded Easley $15,000.00 for attorneys' fees and $4,000.00 for expenses and costs. The court awarded Hardwick $10,000.00 for attorneys' fees and $903.57 for costs.

Celotex, Easley, and Hardwick each appeal from this rul-

ing. Celotex contends Easley and Hardwick have no right of indemnity from it for attorneys' fees and other expenses of litigation. Easley's and Hardwick's separate appeals contest the sufficiency of the amounts awarded them. We sustain Celotex's appeal that Easley and Hardwick are not entitled to indemnification. We therefore need not consider Easley's and Hardwick's appeals.

The would-be indemnitees, Easley and Hardwick, ■ incurred attorneys' fees and other expenses of litigation in defending against allegations of their own wrongful acts. A review of the complaint's allegations, stated above, shows that the charges of negligence against Easley and Hardwick are independent of the charges against Celotex. The conclusion is inescapable that had a general verdict been rendered against the three defendants, then the liability of Easley and Hardwick would have been grounded upon a finding that their personal negligence joined in causing JKT's injury. This would have been tantamount to a finding that Easley and Hardwick were joint tortfeasors with Celotex. Of course, in South Carolina there is no right of indemnity among joint tortfeasors. *Stuck v. Pioneer Logging Machinery, Inc.*, 279 S. C. 22, 301 S. E. (2d) 552 (1983). Because Easley and Hardwick would not have been entitled to indemnification from Celotex if found liable to JKT, we conclude they therefore have no right to indemnification for attorneys' fees and other expenses of litigation incurred in their successful defense of JKT's claim.

Easley and Hardwick rely upon the decision of *Addy v. Bolton*, 257 S. C. 28, 183 S. E. (2d) 708 (1971), to support their claims for indemnification. *Addy* is the only South Carolina case involving a right of implied indemnity for attorneys' fees incurred in defending a claim for which another is held liable. In *Addy*, the lessees of a building sued the lessor and the general contractor hired by the lessor for damages they suffered from a fire that started while the general contractor was making repairs on the building. The lessees alleged that the joint and concurrent negligence of the lessors and the contractor caused the damage. By way of answer, the lessors alleged the fire was caused by the sole negligence of the contractor. The lessors filed a cross-action against the contractor for indemnification for any liability they would incur

to the lessees, together with the costs of the action and attorneys' fees for defending the lessees' suit. The trial judge directed a verdict against the lessors on the cross-action, and the jury returned a verdict against the contractor only. On appeal, the Supreme Court reversed the trial court's direction of a verdict against the lessors on their cross-action to recover attorneys' fees and the costs incurred in resisting the lessees' claim. The Court concluded:

> [I]n actions of indemnity, brought where the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, reasonable attorneys' fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.

257 S. C. at 34, 183 S. E. (2d) at 710.

To allow Easley and Hardwick to recover would require us to rule that a defendant who successfully defends against his own acts of negligence may recover his expenses of litigation by way of indemnity against a codefendant who has been found liable for negligence. The *Addy* decision does not support such a broad ruling. Rather, *Addy* embraces the following proposition, stated in 42 C. J. S. *Indemnity* § 24 (1944) (cited in *Addy*):

> Where a person is obliged to defend *against the act of another*, against whom he has a remedy over, he may ... hold him liable not only for the amount of damages recovered against himself ..., but also for all reasonable and necessary costs and expenses incurred in such defense, including attorney's fees. (Emphasis supplied).

By our reading of *Addy*, the Supreme Court permitted the lessors to seek indemnification from the contractor because they were obliged to defend against the act of the contractor, not against their own alleged wrongful acts. Even though the complaint in *Addy* charged the lessors and the contractor with joint and concurrent acts of negligence, this allegation was not conclusive upon whether the lessors were in actuality defending against their own alleged wrongful acts. Perhaps because it is a simple matter to draft a complaint charging someone with negligence, the Supreme Court in *Addy* evidently viewed the substance of the complaint and the evi-

dence in the record as an attempt by the lessees to impose only vicarious liability upon the lessors.

The recent case of *Sky City Stores v. Gregg Security Services, Inc.*, 276 S. C. 556, 280 S. E. (2d) 807 (1981), confirms this reading of *Addy*. The Supreme Court there cited *Addy* for the "well recognized" proposition that a master may maintain a suit over against a servant where alleged misconduct of the servant has given rise to vicarious liability. In *Addy*, therefore, had the lessors been found liable to the lessees, such liability would not have been "by reason of active participation in the wrong, but constructively because of [their] relation" to the contractor. *Bell v. Clinton Oil Mill*, 129 S. C. 242, 256, 124 S. E. 7, 12 (1924) (cited in *Sky City Stores*).

The situation in *Addy* is peculiar because the jury exonerated the lessors. The lessors had no judgment rendered against them for which they could be indemnified, yet they were required nevertheless to defend themselves against the wrongful acts of the contractor and consequently incur expenses in their defense. In this procedural respect, *Addy* is similar to the decision in *Pender v. Skillcraft Industries, Inc.*, 358 So. (2d) 45 (Fla. App. 1978), a case where a retailer of defective goods was allowed to seek indemnification from the manufacturer of the goods for attorneys' fees and costs incurred in its successful defense of a suit for personal injuries. We quote therefrom:

> [T]here are no cases requiring, under an implied contract theory, indemnification of attorney's fees and court costs to a defendant found not liable from a codefendant who is found liable. But by the same token, there are no cases prohibiting it. We believe that sound policy considerations favor the allowance of indemnification for attorney's fees and court costs under the circumstances of this case.
>
> We therefore reverse the lower court's denial of the cross-claim for indemnification and hold that if a retailer would clearly have been entitled to indemnification of attorney's fees and court costs if it had lost in the main action and had a judgment rendered against it . . . , then it will be equally entitled to such indemnification in the event that it should successfully defend itself in the main action. This presupposes that there is no question

as to entitlement to indemnification if the retailer had been found liable.

358 So. (2d) at 47.

■ We find that the underlying rationale of *Addy* is the same as the reasoning of *Pender*. In *Addy*, the lessors would have been entitled to indemnification from the contractor for any judgment rendered against them, and thus were allowed to recover the expenses of litigation incurred in defending the claim even though they escaped liability. This is manifest from the stated conclusion of *Addy*, quoted above, that only the attorneys' fees and other expenses of litigation incurred in "resisting the claim indemnified against" are recoverable damages. The logical converse of this conclusion is that if the claim is not one for which a party could be "indemnified against" if found liable, then the expenses of litigation incurred in defending the claim are not recoverable damages. We hold, therefore, that indemnification for attorneys' fees and expenses of litigation incurred in the successful defense of a third party's suit may be allowed only if it is clear that the would-be indemnitee would have been entitled to indemnification if found liable. *Addy* and *Pender*. Were we to hold otherwise, then every defendant found not negligent could recover attorneys' fees against another defendant who was found negligent. The *Addy* decision does not support such an unprecedented rule.

■ Easley and Hardwick understandably incurred substantial expenses of litigation in defending JKT's suit. They incurred these expenses, however, defending against their own alleged wrongful acts, which if proven, would have barred them from seeking indemnification over against Celotex. Their liability upon the allegations of the complaint would not have been constructive, vicarious, derivative, or technical, but rather on account of their "active participation in the wrong." *Bell v. Clinton Oil Mill, supra.* Because they would not have been entitled to indemnification if found liable on the claim, neither are they entitled to indemnification for expenses of litigation incurred in successfully defending against the claim. Accordingly, we reverse the judgment of the trial court against Celotex.