23563

TOWN OF WINNSBORO, Plaintiff-Respondent v. WIEDEMAN-SINGLE-
TON, INC., and Turner-Murphy Company and American Enviroport,
Inc., Defendants, of which Specialty Constructors, Inc., f/k/a American
Enviroport, Inc., is Petitioner, and Turner-Murphy Company, Inc. is
Respondent.

(414 S.E. (2d) 118)

Supreme Court

*Walter B. Todd, Jr.*, and *Tobias G. Ward, Jr.*, both of *Todd
& Barber, PC*, Columbia, *for petitioner.*

*Stephen G. Morrison* and *James C. Gray, Jr.*, both of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Oct. 8, 1991.

Decided Jan. 27, 1992.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

TOAL, Justice:

We granted certiorari in this case to review the judgment of the Court of Appeals in *Town of Winnsboro v. Specialty Constructors, Inc.*, 303 S.C. 52, 398 S.E. (2d) 500 (Ct. App. 1990). The petitioner, Specialty Constructors, asserts that the Court of Appeals erred in (1) affirming the trial court in directing a verdict against Specialty for equitable indemnity; (2) that the Court of Appeals erred in overruling its former decision in *JKT Co. v. Hardwick*, 284 S.C. 10, 325 S.E. (2d) 329 (Ct. App. 1984); and (3) that the Court of Appeals erred in affirming the trial court because Turner-Murphy did not allege breach of contract. We affirm the Court of Appeals decision.

## FACTS

The Town of Winnsboro ("Winnsboro") hired Wiedeman-Singleton ("Engineers") to design a wastewater treatment facility ("sewer"). Turner-Murphy Company was hired as the general contractor to construct the sewer. Specialty Constructors was hired by Turner-Murphy and approved by Winnsboro to manufacture and install the filter system for the sewer.

Winnsboro experienced numerous problems with the new sewer. Ultimately, Winnsboro brought suit against the Engineers and the general contractor, Turner-Murphy. After discovery began, it became apparent that many of the problems experienced by Winnsboro were a result of the malfunction of the filter system which was manufactured and installed by Specialty Constructors.

Turner-Murphy filed a motion to implead Specialty Constructors. The motion was denied. Thereafter, Winnsboro amended its complaint to add Specialty Constructors as a party defendant. Turner-Murphy amended its answer and asserted a cross-claim against Specialty Constructors for any

judgment Winnsboro might receive against it and for attorney fees and costs.

At trial, the judge sent the case to the jury, reserving the cross-claim issues until the jury decided the issues in the complaint. The jury returned a verdict in favor of Winnsboro against Specialty Constructors in the amount of $85,000.00 on a negligence theory. Further, the jury found Specialty Constructors guilty of willful and wanton conduct and awarded punitive damages to Winnsboro. Turner-Murphy was found not liable to Winnsboro by the jury.

The trial judge directed a verdict in favor of Turner-Murphy on its cross-claim for attorney fees and costs against Specialty Constructors. Specialty Constructors appealed. The Court of Appeals affirmed in *Town of Winnsboro v. Specialty Constructors, Inc.*, 303 S.C. 52, 398 S.E. (2d) 500 (Ct. App. 1990). We granted certiorari to Specialty Constructors to review the decision of the Court of Appeals.

## ISSUES

1. Did the Court of Appeals err in affirming a directed verdict on the cross-claim for equitable indemnity?

2. Did the Court of Appeals err in overturning *JKT Co. v. Hardwick* because the complaint should determine the status of "joint tort-feasor" as a bar to equitable indemnity?

3. Did the Court of Appeals err in affirming the directed verdict in favor of Turner-Murphy, when Turner-Murphy's cross-claim did not allege breach of contract?

## ANALYSIS

This Court has long recognized the principle of equitable indemnification. *See e.g. Stuck v. Pioneer Loggins Machinery, Inc.*, 279 S.C. 22, 301 S.E. (2d) 552 (1983); *Addy v. Bolton*, 257 S.C. 28, 183 S.E. (2d) 708 (1971); *South Carolina Electric & Gas Co. v. Utilities Construction Co.*, 244 S.C. 79, 135 S.E. (2d) 613 (1964). The damages which can be claimed under equitable indemnity may include the amount the innocent party must pay to a third party because of the at-fault party's breach of contract or negligence as well as attorney fees and costs which proximately result from the at-fault party's breach of contract or negligence. *See Addy v. Bolton*, 257 S.C. 28, 183 S.C. (2d) 708 (1971); *South Carolina Electric &*

*Gas Co. v. Utilities Construction Co.*, 244 S.C. 79, 135 S.E. (2d) 613 (1964). The principle of equitable indemnity including attorney fees and costs is not new to American law. In the early part of this century, the Maryland Court of Appeals wrote:

> The general rule is that costs and expenses of litigation, other than the usual and ordinary court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but, where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relations with others as make it necessary to incur expenses to protect his interest, such costs and expenses should be treated as the legal consequences of the original act.

*McGaw v. Acker, Merrall & Condit Co.*, 111 Md. 153, 73 A. 731 (1909).

In *Addy v. Bolton*, 257 S.C. 28, 183 S.E. (2d) 708 (1971), this Court allowed the owner/lessor to recover attorney fees and costs from the contractor who negligently set fire to the building damaging the lessee's property. The lessee, Addy, sued the lessor Bolton and the contractor Thompson. The jury found Thompson negligent and exonerated Bolton. This Court allowed Bolton to recover attorney fees and costs from Thompson incurred in defending for Thompson's negligence.

The relationship between Bolton, the owner, and Thompson, the contractor, was sufficient in that case to allow Bolton to recover his attorney fees and costs for defending the negligence of Thompson. Thompson negligently burned Bolton's building. Because of Thompson's negligence toward Bolton, Bolton was forced to defend in an action brought by Addy. We think the relationship here between Turner-Murphy, the contractor, and Specialty Constructors, the subcontractor, sufficiently analogous to the relationship in *Addy v. Bolton*, 257 S.C. 28, 183 S.E. (2d) 708 (1971), to allow Turner-Murphy to recover attorney fees and costs expended in defending the negligence of Specialty Constructors. Specialty negligently performed its contract with Turner-Murphy. Because of Specialty's negligence and breach of contract directed toward Turner-Murphy, Turner-Murphy was forced to defend the action brought by the Town of Winnsboro. We affirm the Court of Appeals.

In affirming the trial court, the Court of Appeals reversed its earlier decision in *JKT Co. v. Hardwick*, 284 S.C. 10, 325 S.E. (2d) 329 (Ct. App. 1984). In *JKT*, the Court of Appeals held that the complaint controls. The complaint alleged negligence on the part of Hardwick, and thus the Court of Appeals reasoned that Hardwick was defending its own negligence rather than the negligence of codefendant Celotex. We recognize that the complaint will almost invariably allege negligence on the part of the non-negligent party. Celotex should not have been required to pay those attorney fees attributable to allegations of Hardwick's own negligence. However, as in the case at bar, the attorney fees and costs attributable solely to the negligence of the at-fault party should be recoverable by the non-negligent party when there is a sufficient relationship between the two defendants. A sufficient relationship exists when the at-fault party's negligence or breach of contract is directed at the non-faulting party and the non-faulting party incurs attorney fees and costs in defending itself against the other's conduct. Thus, the Court of Appeals in *JKT* was incorrect in relying solely on the complaint. We affirm the Court of Appeals reversal of *JKT Co. v. Hardwick*, 284 S.C. 10, 325 S.E. (2d) 329 (Ct. App. 1984).

Specialty Constructor's last issue on appeal is without merit. The very nature of equitable indemnification is that a contract for indemnity is unnecessary. Recovery is allowed when as a result of the defendant's breach of contract or tortious activity the plaintiff is required to either defend itself or bring an action against a third party. 22 Am. Jur. (2d) *Damages*, § 618 (1988). The attorney fees and costs must be the natural and necessary consequence of the defendant's act. *Id.; see also* Restatement (Second) of Torts, § 914(2). In the case at bar, Specialty should have foreseen that its willful and wanton negligence in the design and construction of the lift station would cause the general contractor, Turner-Murphy, to defend the wrongful actions of Specialty. Thus, Turner-Murphy's attorney fees and costs were the natural and necessary consequences of Specialty's negligence.

Accordingly, the judgment of the Court of Appeals is

Affirmed.

HARWELL, Acting C.J., CHANDLER and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.