445 S.E.2d 446 (1994)
FIRST GENERAL SERVICES OF CHARLESTON, INC., Plaintiff and Third-party Plaintiff,
v.
Charles R. MILLER, Defendant,
v.
SERVICEMASTER, INC., Third-party Defendant,
of whom First General Services of Charleston, Inc., is Appellant,
and Servicemaster, Inc., is Respondent.
No. 24086.
Supreme Court of South Carolina.
Heard April 20, 1994.
Decided June 6, 1994.
*447 Stephen P. Groves and Bradish J. Waring, both of Young, Clement, Rivers & Tisdale, Charleston, for appellant.
Max G. Mahaffee, of Grimball & Cabaniss, Charleston, for respondent.
CHANDLER, Justice:
First General Services of Charleston, Inc. (First General) appeals an Order dismissing its third-party complaint against Respondent Servicemaster, Inc. (Servicemaster). We reverse in part and affirm in part.

FACTS
Charles Miller, the original defendant in this action, sustained extensive fire damage to his home. He contracted with First General for the renovation and repair of both the exterior structure and the interior contents of the home. First General, in turn, contracted with Servicemaster for the restoration of the interior contents.
Miller, dissatisfied with the work performance of First General, refused to pay the outstanding balance owed. First General filed suit for payment. Miller's answer asserted counterclaims for: (1) breach of contract; (2) breach of contract accompanied by a fraudulent act; (3) violation of the Unfair Trade Practices Act;[1] and (4) negligent bailment. The counterclaims alleged negligence in the restoration of the interior contents of Miller's home, as well as repairs to the exterior structure.
After discovery, First General filed a third-party complaint against Servicemaster, asserting causes of action for: (1) indemnity; (2) contribution; (3) breach of contract; and (4) negligence. Servicemaster's motion to dismiss the third-party complaint was granted. Trial court held that impleader was improper, since indemnification and contribution could not be asserted under these facts. Further, the court held that First General's third-party suit was barred by the statute of limitations. First General appeals.

ISSUES
1. May First General implead Servicemaster as a third-party defendant under Rule 14, SCRCP?
2. Is First General's third-party complaint barred by the statute of limitations?

DISCUSSION

I. Impleader under Rule 14

Rule 14(a), SCRCP, sets forth the procedure for impleader or third-party practice:
At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.
Third-party practice is also available to a plaintiff, such as First General, when the plaintiff has counterclaims asserted against it. Rule 14(b), SCRCP.
Under Rule 14, the third-party plaintiff must have a substantive claim against the third-party defendant founded upon derivative liability. The outcome of the principal claim must impact the third-party defendant's liability; however, no right exists to implead a third-party defendant who is directly liable to the plaintiff. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1446.
Thus, the question here is whether First General has a cause of action against Servicemaster which would impose liability upon Servicemaster for all or part of Miller's claim. First General bases its claim of Servicemaster's *448 liability upon the theories of equitable indemnification[2] and contribution.

A. Equitable Indemnity

"Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." Winnsboro v. Wiedeman-Singleton, 303 S.C. 52 at 56, 398 S.E.2d 500 at 502 (Ct.App.1990), affirmed 307 S.C. 128, 414 S.E.2d 118 (1992). The right is created by operation of law "in cases of imputed fault or where some special relationship exists between the first and second parties." 303 S.C. at 57, 398 S.E.2d at 503.
Ordinarily, if one person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action over for indemnity against the person whose wrong had thus been imputed to him; but this is subject to the proviso that no personal negligence of his own has joined in causing the injury.
Addy v. Bolton, 257 S.C. 28 at 34, 183 S.E.2d 708 at 710 (1971) (quoting Atlantic Coast Line R.R. Co. v. Whetstone, 243 S.C. 61, 132 S.E.2d 172 (1963)).
Trial court granted Servicemaster's motion to dismiss, holding that, here, equitable indemnification was not applicable because Miller alleges fault on the part of First General beyond that which First General imputes to Servicemaster. We disagree.
Rule 14 permits a third-party plaintiff to implead the third-party defendant for "all or part of" plaintiff's claim. Here, First General asserts that Servicemaster is primarily responsible for the portion of Miller's suit involving only the restorations to the interior contents.
Moreover, Servicemaster claims that impleader is improper since First General's negligence "has joined in causing the injury." Addy, supra. At this stage of the litigation, it has not been established that First General was negligent as to the restoration of the interior contents. Should that be proven, indemnification would not be allowed. However, Miller's mere allegations of First General's negligence involving interior restorations may not defeat First General's right to claim derivative liability. Winnsboro, supra; Robbins v. First Federal Savings Bank, 294 S.C. 219, 363 S.E.2d 418 (Ct.App.1987) (dicta).
We hold that the relationship of contractor/subcontractor is a sufficient basis to support a claim of equitable indemnity. Winnsboro, supra; Aetna Casualty and Surety Co. v. Kochenour, 45 F.R.D. 248 (M.D.Penn. 1968); See generally 41 Am.Jur.2d, Indemnity, § 24 (1968).
We reverse on this issue.

B. Contribution

Trial court held that First General "must have paid" before an action for contribution is viable. We agree.
The right to contribution is controlled by S.C.Code Ann. § 15-38-10, et seq., which provides:

The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.
S.C.Code Ann. § 15-38-20(B) (Supp.1993) (Emphasis added).
Under this statute, the right to contribution does not arise prior to payment. Here, First General has made no payments to the Millers. Therefore, no right to contribution from Servicemaster yet exists. Since a third-party complaint is premised upon an existing right of the third-party plaintiff, First General's impleader action against Servicemaster for contribution is not ripe. See Southeastern Freight Lines v. City of Hartsville, ___ S.C. ___, 443 S.E.2d 395 (1994) (dicta).
Accordingly, First General may properly implead Servicemaster under Rule 14(b) as a third-party defendant for indemnity, but not for contribution.
We affirm on this issue.

*449 II. Statute of Limitations

Alternatively, trial court held that First General's third-party action for indemnity was barred by the three year statute of limitations for torts.[3] We disagree.
As to indemnity, the statute of limitations generally runs from the time judgment is entered against the defendant. Choate v. United States, 233 F.Supp. 463 (W.D.Okla.1964); see also 3 Moore's Federal Practice § 14.09. There being no judgment at this time, First General's third-party action for indemnity is not time-barred.
AFFIRMED IN PART; REVERSED IN PART.
HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.
NOTES
[1] S.C.Code Ann. § 39-5-10 et seq. (1985).
[2] There is no showing of a contractual right to indemnity on this record.
[3] The court also held that the action for contribution was barred by the one (1) year statute of limitations contained in § 15-3840. Since the action for contribution was properly dismissed, this issue need not be addressed.