476 S.E.2d 708

Irvin L. JOURDAN, Plaintiff,

v.

BOGGS/VAUGHN CONTRACTING, INC., and South Carolina Department of Transportation, Defendants,

of whom Boggs/Vaughn Contracting, Inc. is, Appellant,

and South Carolina Department of Transportation is, Respondent.

Opinion No. 2559.

Court of Appeals of South Carolina.

Heard May 8, 1996.

Decided Sept. 3, 1996.

Rehearing Denied Oct. 16, 1996.

N. Heyward Clarkson, III, and Susan B. Brickle, both of Clarkson & Fortson, Greenville, for appellant.

F. Matlock Elliott and Matthew P. Utecht, both of Haynsworth, Marion, McKay & Guerard, Greenville, for respondent.

HOWELL, Chief Judge:

Irvin L. Jourdan sued Boggs/Vaughn Contracting, Inc. (Boggs) and the South Carolina Department of Transportation (SCDOT) for damages for injuries Jourdan suffered when he wrecked his motorcycle in a construction zone where Boggs, a paving contractor, was working for SCDOT. SCDOT and Boggs cross-claimed against each other for indemnity. SCDOT subsequently moved to dismiss Boggs's indemnity claim, and the court granted the motion. Boggs appeals. We reverse and remand.

In his complaint, Jourdan alleged he and his wife were riding on his motorcycle when he struck a "ridge" while attempting to change lanes and lost control of the motorcycle. Both Jourdan and his wife were thrown from the motorcycle and injured. Jourdan claimed the defect in the roadway was "left by the Defendants, or one of them" and listed numerous acts of negligence. SCDOT answered and cross-claimed against Boggs for indemnity under a "save harmless" clause in its contract with Boggs. Boggs answered and cross-claimed against SCDOT, alleging Boggs was not negligent because it complied with all of the terms, specifications and drawings prepared by SCDOT, and claiming it was entitled to equitable indemnification. SCDOT moved to dismiss Boggs's cross-claim, alleging among other things that any liability on the

part of SCDOT would be combined with Boggs as a joint tortfeasor and no right of indemnity exists among joint tortfeasors.

The trial court first noted the contract between Boggs and SCDOT did not provide for SCDOT to indemnify Boggs, and Boggs concedes this point. The court also held Boggs was not entitled to equitable indemnity as there was no pre-existing duty arising out of a pre-tort relationship. The court stated the only duties SCDOT owed Boggs were contained in the contract, which did not provide for indemnification. The court also noted Jourdan's complaint alleges SCDOT and Boggs are joint tortfeasors, so that Boggs cannot maintain an action for indemnity. Accordingly, the court granted SCDOT's motion to dismiss Boggs's cross-claim.

The only assignment of error Boggs claims on appeal is that the trial court erred in dismissing its cross-claim against SCDOT because Boggs is entitled to equitable indemnification. SCDOT argues the trial court correctly dismissed Boggs's cross-claim for indemnity because Boggs could never be entitled to equitable indemnification. We disagree.

"Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party. A right to indemnity may arise by contract (express or implied) or by operation of law as a matter of equity between the first and second party." *Winnsboro v. Wiedeman–Singleton (Winnsboro I)*, 303 S.C. 52, 56, 398 S.E.2d 500, 502 (Ct.App.1990), *aff'd*, 307 S.C. 128, 414 S.E.2d 118 (1992) (*Winnsboro II*) (citations omitted); *see First Gen. Servs. v. Miller*, 314 S.C. 439, 445 S.E.2d 446 (1994) (finding relationship between contractor and subcontractor sufficient basis for claim of equitable indemnity).

With equitable indemnification, it does not matter that there is no contractual provision for indemnity. "The very nature of equitable indemnification is that a contract for indemnity is unnecessary." *Winnsboro II*, 307 S.C. at 132, 414 S.E.2d at 121. It is true if a jury finds a party negligent, then as an adjudicated tortfeasor equitable indemnity would not be available. *See* South Carolina Uniform Contribution Among Tortfeasors Act, S.C.Code Ann. §§ 15–38–10 to –70 (Supp.1995). However, if the jury were to find a party not

negligent, then the party would be entitled to equitable indemnification. *Griffin v. Van Norman,* 302 S.C. 520, 397 S.E.2d 378 (Ct.App.1990).

> We note that the modern trend concerning the right to indemnity is to look to principles of equity. According to equitable principles, a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join.

*Griffin,* 302 S.C. at 524, 397 S.E.2d at 380 (quoting *Stuck* ) (citations omitted).

▪ Indemnity is allowed when the act of the wrongdoer involves the innocent defendant in litigation or places him in a situation where it becomes necessary to incur expenses to protect his interest. *Addy v. Bolton,* 257 S.C. 28, 183 S.E.2d 708 (1971). Boggs argues that this is precisely the position it occupies. We agree.

▪ In *Addy,* two defendants were joined as tortfeasors. One defendant cross-claimed for indemnity alleging that the sole cause of the injury was the result of the other defendant's independent acts of negligence. The jury agreed but the trial judge refused to allow recovery on the indemnity claim. The supreme court reversed holding that the faultless defendant was entitled to recover on two alternative theories.

First, the court reasoned that where the wrongful acts of a defendant placed another in the position of incurring expenses to defend himself to protect his interest, such expenses should be treated as the legal consequences of the original wrongful conduct and thereby recoverable at law as special damages. Additionally, the court held that one placed in such a position is entitled to indemnity as a matter of law concluding that equity requires the at fault party to indemnify the one joined in causing injury to a third party if that person is exonerated.

Clearly the right to recover, while it exists, does not ripen until decided by the finder of fact. Consequently, dismissal on the basis of a Rule 12 motion was premature. "[T]he allegations of the Complaint ... are not determinative of ... the right to indemnity. Rather, such a determination is based on

the evidence and the facts found by the fact finder." *Griffin v. Van Norman,* 302 S.C. at 524, 397 S.E.2d at 380.

For the reasons stated, the judgment is

**REVERSED AND REMANDED.**

CONNOR and HEARN, JJ., concur.