**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stow Away Storage, LLC, and MSC MTP, LLC,
Appellants,

v.

George W. Sisson, 4.0, LLC, The Sisson Foundation
Limited Partnership, Sweetgrass Hardware, Inc. and
Timarand, Inc., Respondents.

Appellate Case No. 2017-001221

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-401
Submitted November 1, 2019 – Filed December 18, 2019

**AFFIRMED**

G. Dana Sinkler, of Gibbs & Holmes, of Wadmalaw
Island, and Ainsley Fisher Tillman, of Ford Wallace
Thomson, LLC, of Charleston, both for Appellants.

George Hamlin O'Kelley, III, of Buist Byars & Taylor,
LLC, of Mt. Pleasant, for Respondents.

**PER CURIAM:** This case stems from an easement dispute between Appellant Stow Away Storage, LLC ("Stow Away") and Respondents George W. Sisson ("Sisson") and Sweetgrass Hardware, Inc. ("Sweetgrass"). The action was bifurcated by the circuit court and Appellants prevailed on the easement interpretation issue. That order was affirmed by this court and the case was remanded to the circuit court for an order on damages.[1] The circuit court awarded Appellants $20,382.41 in actual damages, but the court denied Appellants' request for attorney's fees, punitive damages, and the rental value of the easement. Appellants argue the circuit court erred by (1) failing to award attorney's fees against Sisson under the principle of equitable indemnification; (2) failing to award punitive damages against Sweetgrass for tortious interference with contract; and (3) failing to award lost rent. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in failing to award Appellants attorney's fees under the principle of equitable indemnification: *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action in equity, tried by the judge alone, without a reference, on appeal the [appellate court] has jurisdiction to find facts in accordance with its [own] view[] of the preponderance of the evidence."); *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *Addy v. Bolton*, 257 S.C. 28, 33–34, 183 S.E.2d 708, 709–10 (1971) (holding that in the absence of an express contract for indemnification, claimants may recover on the theory of (1) an implied contract to indemnify or (2) equitable indemnity); *id.* at 33, 183 S.E.2d at 709–10 ("In order to recover attorneys' fees under [equitable indemnity], the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of [the] defendant's tortious conduct; (2) that the dispute was with a third party—not with the defendant; and (3) that the plaintiff incurred attorneys' fees connected with that dispute." (citation omitted)); 13 S.C. Jur. *Implied Contracts* § 10 (1992) ("[Attorney fees] are awarded to a party seeking indemnity when the expenses were incurred in the successful defense of a claim . . . .").

2.      As to whether the circuit court erred in failing to award Appellants punitive damages for Respondent Sweetgrass's alleged tortious interference with contract: *Gamble v. Stevenson*, 305 S.C. 104, 110, 406 S.E.2d 350, 354 (1991) ("In South Carolina, 'punitive damages are allowed in the interest of society in the nature of

---

[1] *Stow Away Storage, LLC v. Sisson*, Op. No. 2016-UP-014 (S.C. Ct. App. Jan. 13, 2016) (unpublished opinion).

punishment and as a warning and example to deter the wrongdoer and others from committing like offenses in the future.'" (quoting *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 396, 134 S.E.2d 206, 210 (1964))); *id.* ("Moreover, they serve 'as a vindication of private rights when it is proved that such have been wantonly, willfully, or maliciously violated." (quoting *Harris v. Burnside*, 261 S.C. 190, 196, 199 S.E.2d 65, 68 (1973))); *Hollis v. Stonington Dev., LLC*, 394 S.C. 383, 398, 714 S.E.2d 904, 912 (Ct. App. 2011) ("Reckless disregard for the property rights of others can be sufficient misconduct to support an award of punitive damages."); *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 372 S.C. 470, 480, 642 S.E.2d 726, 731 (2007) ("To establish a cause of action for tortious interference with contractual relations, a plaintiff must show: 1) the existence of a contract; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages."); *id.* at 481, 642 S.E.2d at 732 ("[I]t is not necessary that the interfering party intend such harm. . . . Instead, it is only necessary that they intend to interfere with . . . an existing contract . . . .").

3.     As to whether the circuit court erred in failing to award Appellants the rental value of the easement against (1) Sisson for breach of the easement agreement and (2) Sweetgrass for tortious interference with contract: *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008) ("The [circuit] court is vested with considerable discretion over the amount of a damages award, and our review of the amount of damages is limited to the correction of errors of law."); 11 S.C. Jur. *Damages* § 58 (1992) ("In tort actions, damages may be recovered for all injuries [that] proximately follow. . . . In breach of contract actions, only such damages as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made may be collected." (footnote omitted) (quoting *Hutson v. Cont'l Assurance Co.*, 269 S.C. 322, 332, 237 S.E.2d 375, 379 (1977), *overruled on other grounds by O'Neal v. Bowles*, 314 S.C. 525, 431 S.E.2d 555 (1993))); *Peoples Fed. Sav. & Loan Ass'n of S.C. v. Res. Planning Corp.*, 358 S.C. 460, 472, 596 S.E.2d 51, 58 (2004) (clarifying that in *Yadkin Brick Co. v. Materials Recovery Co.*, 339 S.C. 640, 529 S.E.2d 764 (Ct. App. 2000) the supreme court held that where there is *physical injury* to real property resulting in the depreciation in the rental or usable value of the property, the landowner can recover damages in the amount of the depreciation); *Yadkin Brick Co.*, 339 S.C. at 645–46, 529 S.E.2d at 767 (Ct. App. 2000) ("Where the pollution . . . results in a temporary or nonpermanent injury to real property, the injured landowner can recover the depreciation in the rental or usable value of the property caused by the pollution." (quoting *Gray v. S. Facilities, Inc.*, 256 S.C. 558, 569, 183 S.E.2d 438, 443 (1971))); *Vortex Sports & Entm't, Inc.*, 378 S.C. at 208, 662 S.E.2d at 450 ("When the tortious conduct of a defendant causes a plaintiff to lose prospective profits, the plaintiff may

recover such profits when he can prove: (1) it is reasonably certain that such profits would have been realized except for the tort; and (2) such lost profits can be ascertained and measured from the evidence produced with reasonable certainty."); *Eldeco, Inc.*, 372 S.C. at 480, 642 S.E.2d at 731 ("To establish a cause of action for tortious interference with contractual relations, a plaintiff must show: 1) the existence of a contract; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages."); *id.* at 481, 642 S.E.2d at 732 ("[I]t is not necessary that the interfering party intend such harm. . . . Instead, it is only necessary that they intend to interfere with . . . an existing contract . . . .").

**AFFIRMED.**[2]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.