**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Shaffer, as Personal Representative of the Estate of Susan Shaffer, Appellant,

v.

DEH Disaster Recovery, LLC; Ceres Environmental Services, Inc.; Beaufort County, A Political Subdivision of the State of South Carolina; Ryan Colter Stoltz; Matt T. Dotson; Tim Tod Dotson; Brandi Dotson; Spencer A. Olson Trucking, LLC; Byers Products, Co.; And TruckPro, LLC, Defendants,

of which Ceres Environmental Services, Inc. and Beaufort County, A Political Subdivision of the State of South Carolina are the Appellants-Respondents,

and Spencer A. Olson Trucking, LLC, DEH Disaster Recovery, LLC, and Ryan Colter Stoltz are the Respondents.

Appellate Case No. 2022-000328

---

Appeal From Beaufort County
Bentley Price, Circuit Court Judge
Robert J. Bonds, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-414
Heard September 12, 2024 – Filed December 11, 2024

---

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

H. Fred Kuhn, Jr., of Kuhn Law Firm LLC, of Beaufort, for Appellant.

R. Patrick Flynn, of Flynn Law Firm, LLC, of Charleston, for Appellants-Respondents.

Kelly Dennis Dean and Ernest Mitchell Griffith, both of Griffith Freeman & Liipfert, LLC, of Beaufort; and Julius W. Gernes and Steven D. Pattee, both of Minneapolis, Minnesota, all for Respondent Spencer A. Olson Trucking, LLC.

Shawn M. Bevans, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents Ryan Colter Stoltz and DEH Disaster Recovery, LLC.

**PER CURIAM:**  After Beaufort County suffered significant damage in Hurricane Matthew, multiple companies and subcontractors were involved in cleaning up the massive amount of storm debris.  One subcontractor's employee was involved in a traffic accident that led to a fatality.  A lawsuit with many parties ensued.

This is a consolidated appeal arising from several orders in that suit.  For the reasons discussed below, we reverse the grant of summary judgment on the negligence claims brought by the deceased motorist's estate and on the contractual indemnity claim brought against Respondent Spencer A. Olson Trucking, LLC.  We affirm the summary judgment on the indemnity claims brought against Respondent DEH Disaster Recovery, LLC.

## BACKGROUND

Beaufort County (Beaufort) hired Ceres Environmental Services, Inc. (Ceres) to act as the prime or general contractor for its post-hurricane cleanup project.  Ceres then subcontracted with Spencer A. Olson Trucking, LLC (Olson), which subcontracted

in turn with DEH Disaster Recovery, LLC (DEH). DEH's primary responsibility was to collect and haul away post-hurricane debris.

The fatal collision happened when a DEH trailer separated from its tow truck, crossed the center line of a four-lane road, and crashed into Susan Shaffer's vehicle. Susan was killed. Ryan Stoltz, a DEH employee, was driving the truck. We refer to DEH and Stoltz collectively as DEH.

Susan's husband (Shaffer) brought this lawsuit against Beaufort, Ceres, Olson, DEH, and several others for negligence. Shaffer eventually settled with Olson and DEH, and then filed a third amended complaint that left only "direct" negligence claims against Beaufort and Ceres.

Shaffer appeals the circuit court's order granting summary judgment to Beaufort and Ceres on these direct negligence claims. Beaufort and Ceres appeal a different set of orders granting summary judgment in favor of Olson and DEH on claims brought by Beaufort and Ceres for indemnification.

## STANDARD OF REVIEW

"An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56 [of the South Carolina Rules of Civil Procedure]." *Brockbank v. Best Cap. Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000). "[T]he 'mere scintilla' standard does not apply under Rule 56(c)." *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023). "[T]he proper standard is the 'genuine issue of material fact' standard set forth in the text of the Rule." *Id.*

"Rule 56(c) . . . provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 459, 892 S.E.2d at 299 (second and third alterations in original) (quoting Rule 56(c), SCRCP). When applying this standard, "the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Fleming v. Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002).

## DIRECT NEGLIGENCE AGAINST BEAUFORT AND CERES

The circuit court found the negligence claims in the third amended complaint were not independent of Shaffer's previous vicarious liability claims and granted summary judgment in favor of Beaufort and Ceres on that basis.

At the summary judgment hearing, Shaffer argued that negligent hiring is a direct negligence claim, chiefly relying on section 411(a) of the Restatement (Second) of Torts; a Ninth Circuit case—*L.B. Foster Co., Inc. v. Hurnblad*, 418 F.2d 727 (9th Cir. 1969); and the deposition testimony of Michael Napier, another party's intended expert on trucking/shipping standards. Beaufort and Ceres argued no South Carolina authority existed to support the idea that a negligent hiring claim is a direct negligence claim.

After this case left the circuit court, and after the parties submitted their final briefs to this court, our supreme court released an opinion addressing a certified question from the Fourth Circuit about whether South Carolina law subjects an employer to direct liability "for harm caused by the negligent selection of an independent contractor." *Ruh v. Metal Recycling Servs., LLC*, 439 S.C. 649, 652, 889 S.E.2d 577, 579 (2023).

Our supreme court answered "yes," and held that "the principal in an independent contractor relationship may be subject to liability for physical harm proximately caused by the *principal's own negligence* in selecting the independent contractor." *Id.* (emphasis added) (footnote omitted). The court clarified that this holding did not affect the "general rule that a principal is not liable for the negligence of its independent contractor" because a negligent hiring claim relates directly to the conduct of the principal. *Id.* at 653–54, 889 S.E.2d at 580. The court stressed that it was not breaking any new ground and was only applying longstanding principles of negligence in coming to this decision. *See id.* at 654, 889 S.E.2d at 580.

We see no way to reconcile the circuit court's decision with *Ruh*. The circuit court accordingly erred in granting summary judgment as to the negligent hiring claims. *See Standard Fire Co. v. Marine Contracting & Towing Co.*, 301 S.C. 418, 422, 392 S.E.2d 460, 462 (1990) ("The grant of summary judgment is appropriate only if it is clear that no genuine issue of material fact exists, that inquiry into the facts is not desirable to clarify the application of the law, and that the movant is entitled to judgment as a matter of law.").

We emphasize that we have made no evaluation of the merits of the direct negligence claims against Beaufort and Ceres. Our decision to reverse is controlled by the inconsistency between the rationale supporting the summary judgment and our

supreme court's reasoning in *Ruh*. Nothing in this opinion should be taken as a forecast for or against any additional summary judgment arguments or any view of the merits. For example, arguments about whether any of Beaufort and Ceres's contractual duties were delegated to the subcontractors were not fully developed at the circuit court and are therefore not before us. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301–02, 641 S.E.2d 903, 907 (2007) (stating, to preserve an issue for appellate review, "[t]he issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity" (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

Given that the parties argued the direct negligence issue without the benefit of *Ruh*'s guidance, we reverse the summary judgment and remand.

## CONTRACUTAL INDEMNIFICATION

Beaufort and Ceres brought claims for contractual and equitable indemnity against Olson and DEH. There does not appear to be any dispute that the relationship between Ceres and Olson is governed by a written contract. The parties refer to this contract as the "Master Subcontract."

The circuit court found that Olson was not contractually obligated to indemnify Beaufort and Ceres based on section 32-2-10 of the South Carolina Code (2007). Even if this statute applies to the indemnification agreement between Ceres and Olson, it would only void the attempt to indemnify Beaufort and Ceres for their sole or concurrent share of negligence. *See* § 32-2-10 (providing that its provisions "shall [not] affect a promise or agreement whereby the promisor shall indemnify or hold harmless the promisee or the promisee's independent contractors, agents, employees or indemnitees against liability for damages *resulting from the negligence, in whole or in part, of the promisor, its agents or employees*." (emphasis added)); *see also D.R. Horton, Inc. v. Builders FirstSource-Se. Grp., LLC*, 422 S.C. 144, 152, 810 S.E.2d 41, 45 (Ct. App. 2018) ("[Section 32-2-10] allows D.R. Horton and BFS to agree that BFS will indemnify D.R. Horton for damages caused by BFS or its subcontractors. To the extent the trial court found that aspect of the agreement to be against public policy, we disagree."). Consequently, it was error for the circuit court to find the entire indemnification provision "null and void as a whole."

We cannot say that, as a matter of law, Beaufort and Ceres have no colorable claim for indemnification from Olson. Though Shaffer was left asserting only direct negligence claims against Beaufort and Ceres, he had previously asserted that

Beaufort and Ceres were vicariously liable for any negligence attributable to contractors like Olson. The vicarious liability claims appear to fall squarely within the Master Subcontract's requirement that Olson indemnify Beaufort and Ceres for any liability "caused by or resulting from [Olson], or any of [Olson]'s agents, representatives, subcontractors, suppliers, or any one directly or indirectly employed by any of them or anyone for whose acts they may be liable." *See D.R. Horton*, 422 S.C. at 151, 810 S.E.2d at 45 ("Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." (quoting *Campbell v. Beacon Mfg. Co.*, 313 S.C. 451, 453, 438 S.E.2d 271, 272 (Ct. App. 1993))); *see also Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389, 611 S.E.2d 235, 237 (2005) ("Contractual indemnity involves a transfer of risk for consideration, and the contract itself establishes the relationship between the parties.").

There is a suggestion in the record that Olson indemnified Beaufort and Ceres up until the point of the third amended complaint, but the circuit court explicitly ruled that suggestion outside the scope of its review. Thus, we may not consider it here. *See* Rule 210(h), SCACR (providing "[an] appellate court will not consider any fact which does not appear in the Record on Appeal").

Based on the foregoing, we reverse the summary judgment as to the contractual indemnification claim against Olson and remand for further consideration.

As to DEH, the circuit court found no contract existed between Beaufort and Ceres and DEH, and thus DEH had no contractual indemnification obligation. We agree.

Even in a light most favorable to Beaufort and Ceres, we respectfully reject the argument that DEH was "on notice" of the Master Subcontract and was obligated to contractually indemnify Beaufort and Ceres. The only true reference to the Master Subcontract in any document between Olson and DEH appears in a pricing addendum. That addendum does not explicitly incorporate the Master Subcontract or include any language binding DEH to all terms of that contract. *See Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 394 S.C. 300, 307–08, 715 S.E.2d 655, 659 (Ct. App. 2011) (stating, to incorporate extrinsic material into a contract, "the contract 'must explicitly, or at least precisely, identify the written material being incorporated *and must clearly communicate that the purpose of the reference is to incorporate the referenced material* into the contract (rather than merely to acknowledge that the referenced material is relevant to the contract, e.g., as background law or negotiating history)'" (emphasis added) (quoting *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1345 (Fed. Cir. 2008))),

*aff'd in part and rev'd in part on other grounds*, 407 S.C. 407, 756 S.E.2d 148 (2014); *see also Rock Hill Tel. Co.*, 363 S.C. at 389, 611 S.E.2d at 237 ("Contractual indemnity involves a transfer of risk for consideration, and the contract itself establishes the relationship between the parties.").

Accordingly, we affirm the summary judgment in favor of DEH on Beaufort and Ceres's claim for contractual indemnification.

## EQUITABLE INDEMNIFICATION

We decline to reach any argument that Beaufort and Ceres have a viable equitable indemnity claim against Olson. Beaufort and Ceres's issue statement as to Olson only mentions contractual indemnity. "Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal." Rule 208(b)(1)(B), SCACR. Additionally, there appears to be no need for equitable indemnity given our ruling on the contractual indemnification claim. *See Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 307 S.C. 128, 132, 414 S.E.2d 118, 121 (1992) ("The very nature of equitable indemnification is that a contract for indemnity is unnecessary.").

A right to equitable indemnification arises when "the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." *Stuck v. Pioneer Logging Mach., Inc.*, 279 S.C. 22, 24, 301 S.E.2d 552, 553 (1983). "Traditionally, the courts have allowed equitable indemnity in cases of imputed fault or where some special relationship exists between the first and second parties." *Inglese v. Beal*, 403 S.C. 290, 299, 742 S.E.2d 687, 691 (Ct. App. 2013) (quoting *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 303 S.C. 52, 57, 398 S.E.2d 500, 503 (Ct. App. 1990), *aff'd*, 307 S.C. 128, 414 S.E.2d 118 (1992)).

We agree with the circuit court and with DEH that precedent from our supreme court establishes any relationship between Beaufort and Ceres and DEH would be too far removed to qualify as a "special relationship" supporting an indemnity claim. *See Rock Hill Tel. Co.*, 363 S.C. at 390, 611 S.E.2d at 237 ("In the present case, however, the relationship between the utility and the subcontractor is an attenuated one. The utility hired an independent contractor to install an underground communications line. The contractor, in turn, hired a subcontractor to perform part of the work. Given these facts, we find that the subcontractor is merely a remote or distant independent contractor, and therefore does not have a special relationship with the

utility as contemplated under our jurisprudence."); *id.* at 390 n.3, 611 S.E.2d at 237 n.3 ("[W]e find that there must be some kind of relationship between the parties beyond the relationship established by virtue of one party alleging that he was sued because of another party's wrongdoing.").

Beaufort and Ceres argue that a sufficient relationship exists based on imputed fault. The circuit court did not explicitly rule on this issue, so it is not before us. *See S.C. Dep't of Transp.*, 372 S.C. at 301–02, 641 S.E.2d at 907 (stating, to preserve an issue for appellate review, "[t]he issue must have been (1) raised to *and ruled upon by the [circuit] court*, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity" (emphasis added) (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

For these reasons, we affirm the summary judgment finding no right to equitable indemnification from DEH based on the lack of a special relationship.

**CONCLUSION**

We reverse the summary judgment on Shaffer's direct negligence claims; reverse the summary judgment as to the contractual indemnity claim against Olson; and affirm the summary judgment on the contractual and equitable indemnity claims against DEH.

The case is remanded for proceedings consistent with this opinion. This is without prejudice to any party's right to seek rulings from the circuit court on any summary judgment arguments not previously addressed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**THOMAS, HEWITT, and VINSON, JJ., concur.**